■ LYNN M. STARLING et al., Respondents-Appellants, v ANTONIO SICILIANO, Appellant-Respondent. [623 NYS2d 52] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Lynn M. Starling (plaintiff) was injured on December 30, 1989 while descending the steps of an outside stairway leading to the ground from the second-floor apartment that she and her husband rented from defendant. Plaintiff slipped on an accumulation of ice and snow and sustained an undisplaced fracture of the coccyx. For approximately three months preceding surgery, she was in "severe", "stabbing" pain. She underwent surgery for removal of a portion of her coccyx and, because that procedure did not reduce the level of pain adequately, underwent a second surgical procedure for the excision of the remainder of her coccyx. Her post-operative recovery was painful, and she was disabled from work for a period of time following each surgery. Following the second surgery, the nature of plaintiff's pain changed from sharp and acute to a chronic ache, which was exacerbated by prolonged sitting or standing. Her condition gradually improved and, at the time of trial, she had returned to work and her pain had diminished.

The jury found that defendant was negligent but that plaintiff was 50% at fault. In addition to the stipulated sums for past loss of earnings ($6,175.48) and past medical expenses ($7,142.33), the jury awarded plaintiff $6,000 for past pain and suffering and $70,000 for future pain and suffering. The jury also awarded her husband $1,500 for past loss of services and $20,000 for future loss of services. Plaintiffs moved to set aside the jury verdict with respect to comparative fault and damages. Supreme Court denied that motion, except with respect to future damages. The court found that the award for future damages was "unconscionably low" and granted a new trial on those damages only unless defendant stipulated to damages in the amount of $200,000 for future pain and suffering and $50,000 for future loss of services.

The court properly determined that there was a fair interpretation of the evidence to support the jury verdict on comparative fault. We disagree, however, with the court's

determination that the verdict was inadequate with respect to future damages. There was evidence that plaintiff would experience a chronic ache, especially when sitting or standing for prolonged periods of time, but that the pain had diminished and would continue to diminish. She had returned to work, and, although there were some recreational and household activities in which she could no longer participate, her continued disability was minimal. Under the circumstances, we conclude that the jury's award for future damages is adequate.

We further conclude that the award for past pain and suffering and for past loss of services was inadequate. Giving due consideration to the constant level of pain endured by plaintiff prior to trial, the disabling nature of that pain and its effect upon the marital relationship, and plaintiff's surgical procedures and accompanying painful recovery period, the jury's award of $6,000 for past pain and suffering and $1,500 for past loss of services deviates materially from what would be reasonable compensation and is inadequate as a matter of law (see, CPLR 5501 [c]). Thus, plaintiffs are entitled to a new trial with respect to damages for past pain and suffering and past loss of services only. (Appeals from Order of Supreme Court, Ontario County, Harvey, J.—Set Aside Verdict.) Present—Denman, P. J., Green, Balio, Callahan and Boehm, JJ.