■ ALONSO HERNANDEZ, Respondent, v 151 SULLIVAN TENANT CORP. et al., Respondents-Appellants, and JUMBO CONSTRUCTION CORP., Appellant-Respondent. TOTAL STRUCTURAL CONCEPTS, Third-Party Plaintiff-Respondent-Appellant, v JUMBO CONSTRUCTION CORP., Third-Party Defendant-Appellant-Respondent. [819 NYS2d 490]—

Judgment, Supreme Court, Bronx County (Anne E. Targum, J.), entered on or about October 22, 2004, which, following a jury verdict in plaintiff's favor, inter alia, awarded him damages, unanimously affirmed, without costs or disbursements.

Plaintiff, an employee of defendant Jumbo Construction, the subcontractor on a certain roofing project, was on the edge of a roof when the hoist to which he had attached his safety rope toppled over and pulled him onto a sidewalk bridge, 50 feet below, causing multiple severe and debilitating injuries. This action ensued against the owner of the property, the general contractor and the subcontractor, alleging, in part, common-law negligence and violation of Labor Law §§ 200, 240 and 241. Plaintiff subsequently successfully moved for summary judgment as to liability under section 240 (1), and this Court affirmed (307 AD2d 207 [2003]). At the conclusion of the trial on damages, the jury found, in relevant part, that the accident had caused plaintiff grave injury by the permanent and total loss of the use of his legs and feet, entitling him to recover $2.5 million for past pain and suffering, $71,596 for past loss of earnings, $3 million for future pain and suffering, $419,151 for future lost earnings and another $2.6 million for future medical expenses and the cost of his care.

On appeal, defendants argued that plaintiff, as an undocumented alien, was not entitled to recover past and future lost wages in a personal injury action, invoking the Immigration Reform and Control Act of 1986 (see 8 USC § 1324a), as construed by the US Supreme Court in Hoffman Plastic Compounds, Inc. v NLRB (535 US 137 [2002]). In Sanango v 200 E. 16th St. Hous. Corp. (15 AD3d 36 [2004]) and Balbuena v IDR Realty LLC (13 AD3d 285 [2004]), we vacated awards for lost earnings, determining that, in light of Hoffman Plastic Compounds, an undocumented alien may not be awarded such damages in a personal injury action based on wages he would have earned in the United States. The Court of Appeals, however, reversed Balbuena (6 NY3d 338 [2006]), holding that undocumented aliens may recover such damages.

The injuries plaintiff suffered (shattering of his left humerus, fracture of an arm, severely damaged spine, rib fractures, herniated discs, a collapsed lung and ruptured ligaments and biceps muscles in his left arm and left shoulder derangement) were catastrophic and permanent, leaving him completely disabled

and dysfunctional, in constant pain, impotent, and largely confined to a wheelchair. Under the circumstances, the awards of $2.5 million for past pain and suffering and $3 million for future pain and suffering are not excessive and do not deviate from reasonable compensation (*see Bondi v Bambrick*, 308 AD2d 330 [2003]; *Hoenig v Shyed*, 284 AD2d 225 [2001]).

The jury's allocation of 40% fault against Total Structural Concepts, the general contractor, which had both the authority and opportunity to supervise the performance of Jumbo's work but, instead, opted to participate minimally therein, is supported by the evidence. As the record shows, Total neglected to oversee the work directly and to have a safety program at the site. During the visits of Total's vice-president, Schiavo, to the job site, he observed the hoist being used to raise and lower materials to and from the roof. Yet despite Total's safety obligation and duty to direct and control the work, Schiavo never inspected the hoist or instructed Jumbo's employees on how to do their work or about the means and methods of construction. As the record shows, Schiavo was on the roof on the morning of the accident. Total had both a contractual duty to ensure the safety of workers, including Jumbo's, and a duty under general negligence principles to exercise reasonable care to prevent foreseeable harm (*see Forelli v Pratt Inst.*, 181 AD2d 856 [1992]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Sullivan, Nardelli and McGuire, JJ.