(February 19, 2008)

■ Doris Alston et al., Respondents, v Sunharbor Manor, LLC, et al., Appellants. [854 NYS2d 402]—

In an action to recover damages for personal injuries and wrongful death, the defendants appeal (1) from a judgment of the Supreme Court, Nassau County (Feinman, J.), entered June 27, 2006, which, upon the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law, and upon a jury verdict, is in favor of the plaintiffs and against them in the principal sum of $3,000,000 on the cause of action to recover damages for conscious pain and suffering, (2), as limited by their brief, from so much of an order of the same court dated September 22, 2006, as denied their motion pursuant to CPLR 4404 (a) to set aside the verdict on the issue of liability and for judgment as a matter of law or, to set aside the verdict as against the weight of the evidence or in the interest of justice and for a new trial, or, to set aside the award of damages as excessive, and (3), as limited by their brief, from so much of an amended judgment of the same court entered November 27, 2006, as, upon the jury verdict and upon the order, is in favor of the plaintiffs and against them in the principal sum of $3,000,000 on the cause of action to recover damages for conscious pain and suffering.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment entered November 27, 2006; and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the amended judgment entered November 27, 2006 is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, that branch of the defendants' motion which was to set aside the award of damages as excessive is granted, the order dated September 22, 2006 is modified accordingly, and a new trial is granted on the issue of damages with respect to the cause of action to recover damages for conscious pain and suffering unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages on the cause of action to recover damages for conscious pain and suffering from the principal sum of $3,000,000 to the principal sum of $1,000,000; in the event that the plaintiffs so stipulate, then the amended judgment entered November 27, 2006, as so reduced

and amended, is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment entered November 27, 2006 (*see* CPLR 5501 [a] [1]).

The evidence supports the jury's determination that the defendants were negligent and that their actions caused the injuries to the plaintiffs' decedent. The evidence provided a rational basis for the jury's findings that the plaintiffs' decedent was not properly supervised, and sustained thermal burns on his legs (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). The defendants' contention that a jury could not determine this issue from the evidence is without merit (*cf. 530 E. 89 Corp. v Unger,* 43 NY2d 776 [1977]).

The defendants' further contention that expert testimony regarding the diagnosis of the decedent's injuries as thermal burns should have been stricken pursuant to *Frye v United States* (293 F 1013 [1923]) is likewise without merit. The main purpose of a *Frye* inquiry is to determine whether the scientific deduction in a particular case has been sufficiently established to have gained general acceptance in a particular field, not, as the defendants would have it used here, to verify the soundness of a scientific conclusion (*see Parker v Mobil Oil Corp.,* 7 NY3d 434 [2006]; *Nonnon v City of New York,* 32 AD3d 91 [2006], *affd* 9 NY3d 825 [2007]; *Zito v Zabarsky,* 28 AD3d 42, 44 [2006]). In this case, where there was sharply conflicting expert testimony, the jury could accept or reject the testimony of a particular expert. The jury's resolution of conflicting expert testimony is entitled to great weight on appeal as the jury observed and heard the experts (*see Ross v Mandeville,* 45 AD3d 755 [2007]; *Speciale v Achari,* 29 AD3d 674, 675 [2006]). We decline to disturb the jury's determination in this case. Moreover, the verdict was not against the weight of the evidence, as the jury's determination was based on a fair interpretation of the evidence (*see Ross v Mandeville,* 45 AD3d 755 [2007]; *Torres v Esaian,* 5 AD3d 670, 671 [2004]; *Nicastro v Park,* 113 AD2d 129, 134 [1985]).

The defendants' contention that the plaintiffs' counsel made several improper remarks during summation is, in part, raised for the first time on appeal because no objection was raised to many of the remarks and therefore, not properly before this

Court (*see Glaser v County of Orange,* 22 AD3d 720, 721 [2005]). The remarks to which the defendants did object either were based on the evidence in the trial record or constituted isolated comments that did not deprive the defendants of a fair trial (*see Friedman v Marcus,* 32 AD3d 820 [2006]; *Lind v City of New York,* 270 AD2d 315, 317 [2000]).

The award of damages for conscious pain and suffering in the sum of $3,000,000 deviates materially from what would be reasonable compensation, and is excessive to the extent indicated (*see* CPLR 5501 [c]; *cf. Man-Kit Lei v City Univ. of N.Y.,* 33 AD3d 467, 468 [2006]).

The defendants' remaining contentions either are raised for the first time on appeal and therefore not properly before this Court (*see Glaser v County of Orange,* 22 AD3d 720, 721 [2005]), are without merit, or do not require reversal. Spolzino, J.P., Florio, Miller and Dickerson, JJ., concur.