■ ANNA FELIX-CORTES, Respondent, v CITY OF NEW YORK, Appellant. [863 NYS2d 72]—

In an action to recover damages for personal injuries, the defendant appeals from (1) an interlocutory judgment of the Supreme Court, Kings County (Knipel, J.), entered January 23, 2007, which, upon a jury verdict on the issue of liability, found it 75% at fault in the happening of the accident and the plaintiff

25% at fault in the happening of the accident and (2) an order of the same court dated July 25, 2007, which denied its motion pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiff's case for the plaintiff's failure to establish a prima facie case and its subsequent motion pursuant to CPLR 4404 (a) to set aside the verdict as a matter of law or, in the alternative, as against the weight of the evidence and for a new trial.

Ordered that the interlocutory judgment and the order are affirmed, with one bill of costs.

The plaintiff allegedly tripped and fell as a result of an elevation differential between two adjacent sidewalk flags on a sidewalk in the Borough Hall section of Brooklyn. At the trial on the issue of liability in this action, the defendant moved for judgment as a matter of law at the close of the plaintiff's case, and subsequently moved to set aside the jury verdict on the ground that the sidewalk defect was trivial in nature.

Upon consideration of the photographic exhibits which were admitted into evidence at the trial, as well as the time, place, and circumstances of the accident (*see Trincere v County of Suffolk,* 90 NY2d 976, 978 [1997]), there exists a valid line of reasoning and permissible inferences which could have led the jury to conclude that the defect which caused the plaintiff's accident was not trivial in nature (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *Tapia v Dattco, Inc.,* 32 AD3d 842, 844 [2006]). In addition, the evidence submitted at the trial did not so preponderate in favor of the defendant that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]).

The plaintiff's remaining contention is without merit. Lifson, J.P., Ritter, Dillon and Leventhal, JJ., concur.