■ JESUS TAVERAS, Respondent, et al., Plaintiff, v MUHAMMAD A. AMIR et al., Appellants, et al., Defendants. [871 NYS2d 241]

Contrary to the appellants' contention, the Supreme Court did not err in granting the motion of the plaintiff Jesus Taveras (hereinafter the plaintiff) for judgment as a matter of law on the issue of whether he sustained a serious injury in the subject motor vehicle accident. Viewing the evidence in the light most favorable to the defendants, as we must, we find that there is no rational process by which the trier of fact could conclude that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Campo v Neary*, 52 AD3d 1194 [2008]; *Harwood v Hinds*, 295 AD2d 949 [2002]). The Supreme Court also did not improvidently exercise its discretion in precluding the testimony of two expert witnesses who had been retained by the defendants Emerito DeLeon and Elrac, Inc. The plaintiff did not receive disclosure of these witnesses until the trial was already under way (*see* CPLR 3101

[a]), and their testimony was not even offered on behalf of DeLeon or Elrac, Inc., who had previously settled with the plaintiff, and who were dismissed from the action following the liability verdict (*see generally Fava v City of New York*, 5 AD3d 724 [2004]).

The jury's award of damages will not be disturbed unless the award deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Tyberg v Tomasino*, 19 AD3d 405 [2005]; *Pellegrino v Felici*, 278 AD2d 212, 213 [2000]). The damage awards deviated materially from what would be reasonable compensation to the extent indicated herein (*see Wallace v Stonehenge Group, Ltd.*, 33 AD3d 789, 790 [2006]).

The appellants' remaining contentions are without merit. Santucci, J.P., Covello, Leventhal and Belen, JJ., concur.