■ Matthew D. Ellis et al., Respondents, v Craig Alan Emerson et al., Appellants. [870 NYS2d 190]—

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Matthew D. Ellis (plaintiff) in a motor vehicle accident. Contrary to defendants' contention, Supreme Court properly allowed plaintiff's treating physicians to testify concerning the cause of plaintiff's injuries despite the fact that neither physician had reviewed plaintiff's prior chiropractic records. The physicians' failure to review the records "goes only to the weight of the testimony, not to its admissibility" (*Weigert v Baker*, 217 AD2d 1011 [1995]; *see Latour v Hayner Hoyt Corp.* [appeal No. 2], 13 AD3d 1147, 1148 [2004]).

We conclude that the evidence, viewed in the light most favorable to plaintiffs, established that plaintiff sustained injuries to his cervical and lumbar spinal cord, including a herniated disc at C5-6 that was "imping[ing] upon the right side of the spinal cord." The herniated disc resulted in, inter alia, chronic neck pain, chronic headaches, weakness and numbness in plaintiff's right arm, decreased sensation in plaintiff's right hand, limited

range of motion of plaintiff's neck and lumbar spine, and inability to sit for long periods. Plaintiff also suffered from depression, had difficulty sleeping, and was unable to enjoy many of the activities that he had previously enjoyed, such as snowmobiling, drumming, and plowing his driveway. Plaintiff was unable to return to his work as a truck driver and to operate his stage production business. Based on that evidence, we conclude that the awards of $125,000 for past pain and suffering and $275,000 for future pain and suffering do not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Rountree v Manhattan & Bronx Surface Tr. Operating Auth.*, 261 AD2d 324, 328 [1999], *lv denied* 94 NY2d 754 [1999]). We further conclude that the award for future loss of earnings was established with the requisite "reasonable certainty" (*Faas v State of New York*, 249 AD2d 731, 732 [1998]), and it also did not deviate from what would be reasonable compensation (*see* CPLR 5501 [c]).

We agree with defendants, however, that plaintiffs failed to establish future medical expenses with the requisite "reasonable certainty" (*Faas*, 249 AD2d at 732; *cf. Beh v Jim Willis & Sons Bldrs., Inc.*, 28 AD3d 1227, 1228 [2006]). Viewing the evidence in the light most favorable to plaintiffs (*see Strangio v New York Power Auth.* [appeal No. 2], 275 AD2d 945, 946 [2000]), we conclude that the highest amount the jury could have awarded plaintiff for future medical expenses is $61,024.52. We therefore modify the judgment accordingly, and we grant a new trial on damages for future medical expenses only unless plaintiffs, within 30 days of service of a copy of the order of this Court with notice of entry, stipulate to reduce that award to $61,024.52, in which event the judgment is modified accordingly.

We have considered defendants' remaining contentions and conclude that they are either lacking in merit or, in the event that they have merit, would constitute only harmless error. Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.