■ CHERYL BAIRD, Appellant, v V.I.P. MANAGEMENT CO., INC., et al., Respondents, et al., Defendants. [875 NYS2d 139]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of a judgment of the Supreme Court, Westchester County (Donovan, J.), dated April 17, 2007, as, upon a jury verdict on the issue of liability finding the defendants V.I.P. Management Co., Inc., and Hendrick Hills Condominium 70% at fault in the happening of the accident and the plaintiff 30% at fault, and upon a jury verdict on the issue of damages finding that the plaintiff sustained damages in the principal sums of $100,000 for past pain and suffering and $300,000 for future pain and suffering, is in her favor and against the defendants V.I.P. Management Co., Inc., and Hendrick Hills Condominium in the principal sum of only $280,000 (70% of $400,000).

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding damages for past pain and suffering; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and a new trial is granted on the issue of damages for past pain and suffering, unless within 30 days after service upon the defendants V.I.P. Management Co., Inc., and Hendrick

Hills Condominium of a copy of this decision and order, those defendants shall serve and file in the office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to increase the verdict as to damages for past pain and suffering from the principal sum of $100,000 to the principal sum of $400,000, and to the entry of an amended judgment accordingly; in the event those defendants so stipulate, then the judgment, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was injured in a fall, and after trial, the defendants V.I.P. Management Co., Inc., and Hendrick Hills Condominium were found 70% at fault in the happening of the accident and the plaintiff was found 30% at fault in the happening of the accident. That finding is not challenged on appeal.

The plaintiff underwent three surgeries to repair two discs between her 5th and 6th vertebrae and between her 6th and 7th vertebrae. These surgeries involved placing bone grafts between the vertebrae. The graft between the 6th and 7th vertebrae did not fuse properly after the first two surgeries, and only partially fused after the third.

The plaintiff testified that she was in constant pain, and could not work, drive, or engage in normal activities. On cross-examination, when confronted with the records of her doctors, which indicated that she was improving and experiencing much less pain, she claimed that those evaluations were "incomplete."

Further, the defendant's expert testified that, although the plaintiff was "left with stiffness in her neck" from spinal fusion surgery, she did not suffer "much in the way of nerve damage." In his opinion, the plaintiff was able to work and participate in normal activities, as long as she avoided heavy lifting in excess of 20 pounds.

Under the circumstances presented, the jury verdict with respect to future pain and suffering did not deviate from what would constitute reasonable compensation. However, considering the fact that the plaintiff was required to undergo three painful surgeries, we conclude that the jury verdict finding that the plaintiff sustained damages of $100,000 for past pain and suffering materially deviated from what would be reasonable compensation to the extent indicated herein (see CPLR 5501 [c]; *Rountree v Manhattan & Bronx Surface Tr. Operating Auth.,* 261 AD2d 324, 328 [1999]; see also *Kihl v Pfeffer,* 47 AD3d 154 [2007]). Spolzino, J.P., Santucci, Balkin and Chambers, JJ., concur.