■ EMILIAN EMEAGWALI et al., Respondents, v BROOKLYN HOSPITAL CENTER, Appellant. [876 NYS2d 123]—In an action to recover damages for violation of the common-law right of sepulcher, the defendant appeals from a judgment of the Supreme Court, Kings County (Hutcherson, J.), entered March 5, 2007, which, upon a jury verdict in favor of the plaintiffs and against it, finding that the plaintiff Emilian Emeagwali sustained damages in the principal sum of $1,800,000 for past pain and suffering and that the plaintiff Patrick Emeagwali sustained damages in the principal sums of $100,000 for past pain and suffering and $100,000 for the loss of the services and society of the plaintiff Emilian Emeagwali, and upon so much of an order of the same court (Saitta, J.) dated February 22, 2006, as denied its motion pursuant to CPLR 4404 to dismiss the complaint for failure to establish a prima facie case, or alternatively, to grant a new trial or set aside the damages award as excessive, is in favor of the plaintiffs and against it.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provisions thereof awarding damages to the plaintiff Emilian Emeagwali for past pain and suffering and awarding damages to the plaintiff Patrick Emeagwali for loss of services; as so modified, the judgment is affirmed, with costs to the defendant, and the defendant is granted a new trial with respect to those damages, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting (1) to reduce the verdict as to the plaintiff Emilian Emeagwali's damages for past pain and suffering from the sum of $1,800,000 to the sum of $250,000, and (2) to reduce the verdict as to the plaintiff Patrick Emeagwali's damages for his derivative claim of loss of services from the sum of $100,000 to the sum of $50,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed.

Contrary to the defendant's contention, the verdict as to liability was not contrary to the weight of the credible evidence. The verdict was supported by a fair interpretation of the evidence, which included the testimony of both plaintiffs and their psychiatric witness (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Gonyon v MB Tel.,* 36 AD3d 592, 593 [2007]). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*Exarhouleas v Green 317 Madison, LLC,* 46 AD3d 854, 855 [2007]). Where, as here, both the plaintiffs and the defendant present expert testimony in support of their respective positions, it is the province of the jury to determine the experts' credibility (*see Lovett v Interfaith Med. Ctr.,* 52 AD3d 578, 580 [2008]; *Alston v Sunharbor Manor, LLC,* 48 AD3d 600, 602 [2008]).

We further note that the defendant's liability was based upon the common-law right of sepulcher (*see Estate of LaMore v Sumner,* 46 AD3d 1262 [2007]; *Plunkett v NYU Downtown Hosp.,* 21 AD3d 1022 [2005]) which applies to stillborn infants (*see Klumbach v Silver Mount Cemetery Assn.,* 242 App Div 843 [1934], *affd* 268 NY 525 [1935]). Accordingly, we do not address the defendant's contention that it did not violate any applicable regulations.

However, the damages awarded to the plaintiffs are excessive to the extent indicated herein as they deviate materially from what would be reasonable compensation under the circumstances (*see* CPLR 5501 [c]; *Duffy v City of New York,* 178 AD2d 370 [1991]).

The defendant's remaining contentions are without merit. Covello, J.P., Angiolillo, Belen and Chambers, JJ., concur.