■ HEATHER A. BISHOP, Respondent, v CITY OF NEW YORK et al., Appellants. [888 NYS2d 145]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Rothenberg, J.), dated March 27, 2008, which, inter

alia, upon a jury verdict in favor of the plaintiff on the issue of liability, upon the denial of their motion, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law, or to set aside the verdict as contrary to the weight of the evidence and for a new trial, and upon a separate jury verdict awarding damages to the plaintiff in the principal sum of $210,000, is in favor of the plaintiff and against them.

Ordered that the judgment is affirmed, with costs.

The plaintiff allegedly was injured when she slipped on an unsecured tread protector covering a step while walking up a staircase at an elevated subway station in Brooklyn. Following a jury trial, the jury found that the defendants were negligent, and judgment was entered in favor of the plaintiff and against the defendants. The defendants appeal.

Contrary to the defendants' contention, the verdict as to liability was not contrary to the weight of the credible evidence. "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*Emeagwali v Brooklyn Hosp. Ctr.*, 60 AD3d 891, 892 [2009], quoting *Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]). Here, the verdict was supported by a fair interpretation of the evidence, which included the testimony of the plaintiff, the plaintiff's expert, and photographic evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Emeagwali v Brooklyn Hosp. Ctr.*, 60 AD3d at 892; *Gonyon v MB Tel.*, 36 AD3d 592, 593 [2007]).

Furthermore, contrary to the defendants' contention, they were not entitled to dismissal of the complaint on the ground that the plaintiff's notice of claim was deficient for failing to accurately identify the location of the accident. Since the defendants failed to state that they attempted to conduct any investigation, no prejudice was demonstrated due to the allegedly defective notice of claim (*see Malcolm v City of New York*, 2 AD3d 696, 697 [2003]).

The defendants' remaining contentions are unpreserved for appellate review. Skelos, J.P., Santucci, Belen and Hall, JJ., concur.