Lucille Turuseta, Respondent, v Wyassup-Laurel Glen Corp. et al., Appellants. [937 NYS2d 240]—

Ordered that the amended judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof awarding damages for past pain and suffering in the principal sum of $576,867, and (2) by deleting the provision thereof awarding damages for future pain and suffering in the principal sum of $2,219,229 for a period of 28.2 years; as so modified, the amended judgment is affirmed, with costs to the appellants, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issues of damages for past and future pain and suffering only, and the entry of an appropriate second amended judgment thereafter, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the Office of the Clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the verdict on the issues of damages for past pain and suffering from the principal sum of $576,867 to the principal sum of $400,000, and for future pain and suffering from the principal sum of $2,219,229 for a period

of 28.2 years to the principal sum of $750,000 for the same period of years, and to the entry of a second amended judgment accordingly; in the event that the plaintiff so stipulates, then the amended judgment, as so modified, reduced, and further amended, is affirmed, without costs or disbursements.

On January 27, 2003, at approximately 9:45 A.M., the plaintiff allegedly was injured when she was caused to fall after the heel of her boot became caught in a hole in concrete near the entrance door of the defendants' building. At the time of the plaintiff's fall, the defendants had notice of the condition but chose to wait and perform repairs in the spring. On appeal, the defendants contend, inter alia, that their motion pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiff's case on the issue of liability should have been granted on the ground that the alleged defect was trivial and, thus, not actionable. The defendants further argue that the Supreme Court erred in setting aside the damages verdict rendered at the parties' first trial, thus leading to the significantly higher verdict on the issue of damages in the subsequent trial at issue here, and that the jury's damages awards reached here are excessive as to past and future pain and suffering, past and future lost earnings, and future household expenses.

Initially, the defendants' argument that the alleged defect was trivial and, thus, not actionable, is properly before this Court, as they raised this specific objection at the close of evidence on the issue of liability (cf. *Love v Rockwell's Intl. Enters., LLC*, 83 AD3d 914 [2011]; *Alston v Sunharbor Manor, LLC*, 48 AD3d 600, 602-603 [2008]). Generally, the issue of whether a dangerous condition exists depends on the particular facts of each case, and is properly a question of fact for the jury (*see Trincere v County of Suffolk*, 90 NY2d 976 [1997]). However, a property owner may not be held liable for trivial defects, not constituting a trap or nuisance, over which a pedestrian might merely stumble, stub his or her toes, or trip (*see Hagood v City of New York*, 13 AD3d 413 [2004]). In determining whether a defect is trivial, the court must examine all of the facts presented, including the "width, depth, elevation, irregularity and appearance of the defect along with the time, place, and circumstance of the injury" (*Trincere v County of Suffolk*, 90 NY2d at 978 [internal quotation marks omitted]). There is no "minimal dimension test" or "per se rule" that a condition must be of a certain height or depth in order to be actionable (*id.* at 977; *see Milewski v Washington Mut., Inc.*, 88 AD3d 853 [2011]; *Ricker v Board of Educ. of Town of Hyde Park*, 61 AD3d 735 [2009]).

"To succeed on a motion for judgment as a matter of law pur-

suant to CPLR 4401, a defendant 'has the burden of showing that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant' " (*Ryan v New York City Tr. Auth.,* 89 AD3d 1005, 1007 [2011], quoting *Velez v Goldenberg*, 29 AD3d 780, 781 [2006]).

Upon our scrutiny of the photographs authenticated by the plaintiff and the defendants' fact witness and the description of the plaintiff's fall, and upon our consideration of the appearance of the alleged defect and the time, place, and circumstances of the accident, we conclude that the evidence does not support the conclusion urged by the defendants that the defect was trivial and, thus, not actionable (*see Felix-Cortes v City of New York*, 54 AD3d 358 [2008]; *Ain v Three School St.*, 8 AD3d 413 [2004]; *Stachowski v City of Yonkers*, 294 AD2d 489 [2002]), or that there was no rational process by which the jury could have found in favor of the plaintiff with respect to this issue.

The defendants' arguments that the plaintiff's counsel made inflammatory and prejudicial remarks during summation are unpreserved for appellate review because the defendants did not object at trial to the subject remarks (*see Alston v Sunharbor Manor, LLC*, 48 AD3d at 602-603).

The Supreme Court properly granted those branches of the plaintiff's motion which were to set aside the first jury's verdict on the issue of damages as a product of an impermissible compromise, and for a new trial on the issue of damages (*see* CPLR 4404 [a]; *Ramos v Noveau Indus., Inc.*, 29 AD3d 555 [2006]; *Roseingrave v Massapequa Gen. Hosp.*, 298 AD2d 377, 380 [2002]; *Califano v Automotive Rentals*, 293 AD2d 436, 437 [2002]).

At the second trial on the issue of damages, evidence was adduced that the plaintiff sustained, as a result of the occurrence, a fractured coccyx, a herniated disc at L4-L5, and depression. The plaintiff was never hospitalized, except for when she was treated and released at the emergency room on the date of the occurrence. She underwent no surgery, although we acknowledge that the coccyx injury did not lend itself to surgery.

The plaintiff adduced evidence, presumably believed by the jury in light of its awards for economic loss, that she could not work as a consequence of her injuries. The standard for reviewing the inadequacy or excessiveness of a jury award is whether it "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]). Since the inherently subjective nature of noneconomic awards cannot produce mathematically precise results, the "reasonableness" of compensation must be measured against the relevant precedent of comparable cases (*see*

*Donlon v City of New York*, 284 AD2d 13, 15-16 [2001]). While there is no reported precedent involving the same combination of injuries sustained by the plaintiff here, there are a sufficient number of cases addressing the reasonableness of awards for the plaintiff's particular constituent injuries.

Considering the medical facts and circumstances of this case, the 6½-year period of time between the accident and the second trial on the issue of damages, and comparable precedent, we conclude that the award of $576,867 for the plaintiff's past pain and suffering deviates materially from what is reasonable compensation, and that unless the plaintiff stipulates to the reduction of that award to the sum of $400,000, a new trial on that element of damages is required (*cf. Ellis v Emerson*, 57 AD3d 1435 [2008]; *Huff v Rodriguez*, 45 AD3d 1430 [2007]; *Sow v Arias*, 21 AD3d 317 [2005]; *Adams v Georgian Motel Corp.*, 291 AD2d 760 [2002]; *Loney v Fico*, 283 AD2d 372 [2001]).

Similarly, the award of the sum of $2,219,229 over 28.2 years for the plaintiff's future pain and suffering deviates materially from what is reasonable compensation and, unless the plaintiff stipulates to the reduction of that award to the sum of $750,000 for future pain and suffering over the same period of time, a new trial on that element of damages is required as well (*cf. Ellis v Emerson*, 57 AD3d at 1435; *Acton v Nalley*, 38 AD3d 973 [2007]; *Donlon v City of New York*, 284 AD2d at 13; *Osiecki v Olympic Regional Dev. Auth.*, 256 AD2d 998 [1998]; *Starling v Siciliano*, 212 AD2d 1015 [1995]). We reject the authorities cited by the plaintiff as insufficiently similar to the nature, extent, circumstances, and duration of the injuries she sustained (*see e.g. Serrano v 432 Park S. Realty Co., LLC*, 59 AD3d 242 [2009]; *Hernandez v 151 Sullivan Tenant Corp.*, 30 AD3d 187 [2006]).

The defendants' remaining contentions are without merit. Dillon, J.P., Angiolillo, Florio and Dickerson, JJ., concur.