■ CECILIA AIKENS-HOBSON et al., Appellants, v JOSEPH BRUNO et al., Defendants, and AC-DELCO CARS, INC., et al., Respondents.
[949 NYS2d 102]—

To succeed on a motion for judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Liounis v New York City Tr. Auth.*, 92 AD3d 643 [2012]; *Velez v Goldenberg*, 29 AD3d 780, 781 [2006]). In determining whether the defendant has met this burden, a court must consider the facts in the light most favorable to the plaintiff and accord the plaintiff the benefit of every favorable inference which can reasonably be drawn from the evidence presented at trial (*see Szczerbiak v Pilat*, 90 NY2d at 556; *Liounis v New York City Tr. Auth.*, 92 AD3d 643 [2012]; *Velez v Goldenberg*, 29 AD3d at 781).

The trial court properly granted the separate motions of the defendant Aamir N. Shakir and the defendant Brian Bollo pursuant to CPLR 4401 since there was no rational process by which the jury could find either one of them liable. The evidence demonstrated that both Shakir and Bollo operated their vehicles in a nonnegligent manner, and no evidence was presented to show that they contributed to the happening of the injury-producing event (*see generally Daramboukas v Samlidis*, 84 AD3d 719 [2011]; *Franco v Breceus*, 70 AD3d 767 [2010]; *Shirman v Lawal*, 69 AD3d 838 [2010]; *Smith v Seskin*, 49 AD3d 628 [2008]; *Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d 876 [2007]).

However, the jury's finding that the defendant Kevin Sirota, the operator of a vehicle owned by his employer, the defendant AC-Delco Cars, Inc., was negligent, but that his negligence was not a proximate cause of the accident, was contrary to the

weight of the evidence. Under the circumstances, the issues of negligence and proximate cause were so inextricably interwoven that it would be logically impossible for the jury to find that Sirota was negligent without also finding that his negligence was a proximate cause of the accident (*see Stewart v Marte*, 91 AD3d 754, 754-755 [2012]; *McConnell v Santana*, 77 AD3d 635, 636-637 [2010]). Accordingly, a new trial is necessary with respect to the defendants AC-Delco Cars, Inc., and Kevin Sirota.

The plaintiffs' remaining contentions are not preserved for appellate review, are without merit, or need not be considered in view of the foregoing analysis. Mastro, A.P.J., Angiolillo, Austin and Sgroi, JJ., concur.