■ MOHAMMED KAYES et al., Respondents, v NICHOLAS R. LIBERATI et al., Appellants. [960 NYS2d 499]—

In an action to recover damages for personal injuries, etc., the defendants appeal (1) from a judgment of the Supreme Court, Queens County (Hart, J.), dated September 15, 2010, and (2), as limited by their brief, from so much of an amended judgment of the same court dated January 25, 2012, as, upon the granting of the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of damages for past and future lost earnings and medical expenses, made at the close of evidence, and upon a jury verdict on the issue of damages for past and future pain and suffering, is in favor of the plaintiff Mohammed Kayes and against them in the principal sums of $605,000 for future lost earnings, $831,640 for future medical expenses, $500,000 for past pain and suffering, and $1,500,000 for future pain and suffering.

Ordered that the appeal from the judgment is dismissed, as that judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is modified, on the law, by deleting the provisions thereof awarding the plaintiff Mohammed Kayes damages in the principal sums of $605,000 for future lost earnings and $831,640 for future medical expenses; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of damages for future lost earnings and future medical expenses only, and the entry of an appropriate amended judgment thereafter.

The plaintiff Mohammed Kayes was injured when a motor vehicle, owned by the defendant New York City Transit Authority and operated by the defendant Nicholas R. Liberati, backed into a stop sign causing it to fall and strike him. As a result of the accident, Mohammed Kayes sustained injuries, including a herniated disc. He also underwent surgery and, according to the plaintiffs' experts, will continue to experience significant pain and require future surgery and medical treatment, including pain management and physical therapy, for the rest of his life. Moreover, as a result of the accident, Mohammed Kayes was no longer able to work in any significant capacity and could no longer engage in activities which he had previously enjoyed.

After a trial on the issue of damages, the Supreme Court, inter alia, upon the granting of the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of damages for past and future lost earnings and medical expenses, and upon a jury verdict on the issue of damages for past and future pain and suffering, awarded Mohammed Kayes dam-

ages in the principal sums of $605,000 for future lost earnings, $831,640 for future medical expenses, $500,000 for past pain and suffering, and $1,500,000 for future pain and suffering.

A "party may move for judgment with respect to a cause of action or issue upon the ground that the moving party is entitled to judgment as a matter of law" (CPLR 4401). "A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Aikens-Hobson v Bruno*, 97 AD3d 709 [2012]; *Nunez v Motor Veh. Acc. Indem. Corp.*, 96 AD3d 917 [2012]). In considering the motion, the court "must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d at 556; *see Aikens-Hobson v Bruno*, 97 AD3d at 710; *Nunez v Motor Veh. Acc. Indem. Corp.*, 96 AD3d at 918).

Here, affording the defendants every inference which may properly be drawn from the facts presented, there is a rational process by which the jury could have come to awards for future lost earnings and future medical expenses less than those directed by the trial court.

With respect to the awards for past and future pain and suffering, the jury's determination " 'will not be disturbed unless the award deviates materially from what would be reasonable compensation' " (*Guallpa v Key Fat Corp.*, 98 AD3d 650, 651 [2012], quoting *Graves v New York City Tr. Auth.*, 81 AD3d 589, 589 [2011]; *see* CPLR 5501 [c]). The "reasonableness" of compensation must be measured against relevant precedent of comparable cases (*see Turuseta v Wyassup-Laurel Glen Corp.*, 91 AD3d 632 [2012]; *Donlon v City of New York*, 284 AD2d 13 [2001]).

Here, considering the nature and extent of the injuries sustained by Mohammed Kayes and comparable precedent, the jury's awards for past and future pain and suffering did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Guallpa v Key Fat Corp.*, 98 AD3d at 651).

Accordingly, we must remit the matter to the Supreme Court, Queens County, for a new trial on the issue of damages for future lost earning and future medical expenses only, and for the entry of an appropriate amended judgment thereafter. Dillon, J.P., Angiolillo, Leventhal and Sgroi, JJ., concur.