ANDRE SHIPLEY et al., Respondents, v CITY OF NEW YORK et al., Appellants. [963 NYS2d 692]—

In an action, inter alia, to recover damages for violation of the common-law right of sepulcher, the defendants appeal (1) from a judgment of the Supreme Court, Richmond County (Fusco, J.), entered December 16, 2011, which, upon the granting of the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, and upon a jury verdict on the issue of damages finding that the plaintiff Andre Shipley sustained damages in the sum of $500,000 for past pain and suffering, and that the plaintiff Korisha Shipley sustained damages in the sum of $500,000 for past pain and suffering, is in favor of the plaintiffs and against them in the principal sum of $1,000,000, and (2), as limited by their brief, from so much of an order of the same court dated March 14, 2012, as denied that branch of their motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict on the issue of damages as excessive.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Richmond County, for a new trial on the issue of damages for past pain and suffering only, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Richmond County, a written stipulation consenting to reduce the amount of damages for past pain and suffering from the principal sum of $1,000,000 to the principal sum of $600,000 ($300,000 for the plaintiff Andre Shipley and $300,000 for the plaintiff Korisha Shipley), and to the entry of an appropriate amended judgment; in the event

that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order is dismissed, as academic, without costs or disbursements, in light of our determination on the appeal from the judgment.

"The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (*Graves v New York City Tr. Auth.*, 81 AD3d 589, 589 [2011]; *see* CPLR 5501 [c]; *Chery v Souffrant*, 71 AD3d 715, 716 [2010]; *Keaney v City of New York*, 63 AD3d 794, 795 [2009]). Under the circumstances of this case, the jury's award of damages for past pain and suffering deviated materially from what would be reasonable compensation, to the extent indicated herein (*see* CPLR 5501 [c]; *see also Emeagwali v Brooklyn Hosp. Ctr.*, 60 AD3d 891, 892 [2009]; *Duffy v City of New York*, 178 AD2d 370, 371 [1991]). Rivera, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.