In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Ritholtz, J.), entered May 10, 2012, as, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $3,000,000 for future pain and suffering.
Ordered that the judgment is affirmed insofar as appealed from, with costs.
On June 25, 2008, the plaintiff was injured when a bus on which she was riding, which was owned by the defendant New York City Transit Authority and driven by the defendant Eugena Quinn, struck a utility pole. The plaintiff sustained injuries including, inter alia, a protruding disc in the lumbar spine, radiculopathy, torn rotator cuff with impingement in her right shoulder, and a torn triceps tendon in her right elbow. As a result, the plaintiff underwent a laminectomy and fusion on her lumbar spine, as well as surgeries to repair her right shoulder and elbow. A jury found in favor of the plaintiff and against the defendants and, inter alia, awarded the plaintiff the principal sum of $3,000,000 for future pain and suffering. The defendants contend that the award of damages for future pain and suffering was excessive.
*727 “The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation” (Graves v New York City Tr. Auth., 81 AD3d 589, 589 [2011]; see CPLR 5501 [c]; Shipley v City of New York, 105 AD3d 936 [2013], lv granted 22 NY3d 857 [2013]; Deandino v New York City Tr. Auth., 105 AD3d 801 [2013]; Guallpa v Key Fat Corp., 98 AD3d 650 [2012]). “The reasonableness of compensation must be measured against relevant precedent of comparable cases” (Kayes v Liberati, 104 AD3d 739, 741 [2013] [internal quotation marks omitted]; see Turuseta v Wyassup-Laurel Glen Corp., 91 AD3d 632 [2012]).
Here, the plaintiff, 27 years old at the time of trial, suffered from severe lower back pain that radiated into her legs and restricted her range of motion. She suffered from disc protrusion, foraminal stenosis, and radiculopathy. After physical therapy, pain medications, and epidural injections failed to alleviate her pain, the plaintiff underwent a laminectomy and fusion surgery, in which a piece of the disc was removed and a bone graft was fused to replace the removed disc. Following the surgery, the pain in the plaintiffs lower back did not improve and she had significant restrictions in her range of motion. She continued physical therapy, pain medications, and epidural injections. The plaintiffs expert concluded that the injuries to her lower back were permanent. He continued to observe restrictions in her range of motion and lumbar atrophy. He concluded that the plaintiffs back pain will worsen, and that she will need to continue to take pain, anti-inflammatory, and muscle relaxer medications. Further, the injuries hindered the previously active plaintiffs ability to participate in athletic activities and activities with her children, and made daily tasks, such as cooking and cleaning, very difficult. As a result of the fusion, other parts of the plaintiffs spine were subject to degeneration. Considering the nature and the extent of the injuries sustained by the plaintiff, and the fact that the award of damages for future pain and suffering represented compensation for a period of 54 years based on the plaintiffs life expectancy, the award did not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]; Kayes v Liberati, 104 AD3d 739 [2013]; Guallpa v Key Fat Corp., 98 AD3d 650 [2012]). Skelos, J.R, Lott, Cohen and Hinds-Radix, JJ., concur.