# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**757**

**CA 13-00402**

PRESENT: SMITH, J.P., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

DAVID M. REYNOLDS,
CLAIMANT-RESPONDENT-APPELLANT,

V                                                MEMORANDUM AND ORDER

STATE OF NEW YORK,
DEFENDANT-APPELLANT-RESPONDENT.
(CLAIM NO. 106738.)

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

BURKWIT LAW FIRM, PLLC, ROCHESTER (CHARLES F. BURKWIT OF COUNSEL), FOR CLAIMANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from a judgment of the Court of Claims (Nicholas V. Midey, Jr., J.), entered November 5, 2012. The judgment awarded claimant money damages after a nonjury trial.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Claimant commenced this action seeking damages arising from injuries he allegedly sustained when New York State Troopers used excessive force against him during a traffic stop. The Court of Claims bifurcated the trial and found in favor of claimant on the issue of liability, i.e., that the use of force constituted an assault and battery against claimant. Defendant now appeals and claimant cross-appeals from a judgment awarding claimant money damages after the trial on damages.

Contrary to claimant's contention, the court's determination that the assault was not a proximate cause of claimant's lumbar spine injuries is supported by a fair interpretation of the evidence (*see Treat v Wegmans Food Mkts., Inc.*, 46 AD3d 1403, 1404-1405). The court determined that claimant suffered a closed head injury and herniated discs in his cervical spine as a result of the assault, and awarded claimant $225,000 for past pain and suffering and $475,000 for future pain and suffering. Contrary to the contentions of claimant and defendant, the award for past and future pain and suffering does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Ellis v Emerson*, 57 AD3d 1435, 1437).

Claimant further contends that the award of $300,000 for future

medical expenses should be increased to cover treatment for his lumbar spine injuries, closed head injury and resulting symptoms, and emotional issues. Inasmuch as the court did not err in concluding that the lumbar spine injuries were not a proximate result of the assault, we conclude that the court did not err in failing to award future medical expenses for those injuries. With respect to the closed head injury and emotional issues, we conclude that claimant failed to establish with the requisite reasonable certainty that he would require future medical expenses to treat those injuries (*see Huff v Rodriguez*, 45 AD3d 1430, 1433; *Faas v State of New York*, 249 AD2d 731, 732).