Garcia v CPS 1 Realty, LP (2018 NY Slip Op 05753)





Garcia v CPS 1 Realty, LP


2018 NY Slip Op 05753


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-06189
 (Index No. 8020/11)

[*1]Walter Garcia, appellant-respondent, 
v
CPS 1 Realty, LP, defendant third-party plaintiff-respondent- appellant, CPS 1, LLC, et al., defendants; Nova Development Group, Inc., third-party defendant- respondent-appellant (and a second third-party action).


Lipsig, Shapey, Manus & Moverman, P.C. (Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for appellant-respondent.
McGaw, Alventosa & Zajac (Shaub Ahmuty Citrin & Spratt, LLP, Lake Success, NY [Christopher Simone and Jeremy S. Rosof], of counsel), for defendant third-party plaintiff-respondent-appellant.
Baxter Smith & Shapiro, P.C., Hicksville, NY (Sim R. Shapiro of counsel), for third-party defendant-respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant third-party plaintiff and the third-party defendant separately cross-appeal, from an order of the Supreme Court, Suffolk County (Andrew G. Tarantino, Jr., J.), dated April 22, 2016. The order, insofar as appealed from by the plaintiff, granted those branches of the motion of the defendant third-party plaintiff and the separate motion of the third-party defendant which were pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of damages for past and future pain and suffering as excessive to the extent of directing a new trial on the issue of damages for past and future pain and suffering unless the plaintiff stipulated to reduce the damages for past pain and suffering from the principal sum of $1,200,000 to the principal sum of $750,000, and for future pain and suffering from the principal sum of $3,000,000 to the principal sum of $1,250,000, and denied that branch of the plaintiff's motion which was for additur with respect to the jury verdict awarding damages for future costs of medical care, medications, aids, and homemaker services. The order, insofar as cross-appealed from by the defendant third-party plaintiff and separately cross-appealed from by the third-party defendant, granted those branches of their respective motions which were pursuant to CPLR 4404(a) to set aside the damages awards for past and future pain and suffering as excessive only to the extent of directing a new trial on the issue of damages for past and future pain and suffering unless the plaintiff stipulated to reduce the damages for past pain and suffering from the principal sum of $1,200,000 to the principal sum of only $750,000, and future pain and suffering from the principal sum of $3,000,000 to the principal sum of only $1,250,000. By decision and order on motion dated July 18, 2016, this Court granted the plaintiff's motion to stay enforcement of stated portions of the order dated April 22, 2016, pending hearing and determination of the appeal by the [*2]plaintiff, and tolled the time within which the plaintiff had to stipulate to the reduction in damages.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,
ORDERED that the time within which the plaintiff may serve and file his written stipulation consenting to reduce the damages for past pain and suffering from the principal sum of $1,200,000 to the principal sum of $750,000, and for future pain and suffering from the principal sum of $3,000,000 to the principal sum of $1,250,000, if he be so advised, shall be extended to 30 days after service upon him of a copy of this decision and order.
On May 2, 2006, the 46-year-old plaintiff, an employee of the third-party defendant, Nova Development Group, Inc. (hereinafter Nova), was removing exterior asbestos caulking from the windows of a building owned by the defendant third-party plaintiff, CPS 1 Realty, LP (hereinafter CPS), when he fell approximately two feet, injuring, among other things, his back. The plaintiff commenced this action to recover damages for the personal injuries he allegedly sustained as a result of the accident. The Supreme Court granted the plaintiff's cross motion for summary judgment on the issue of liability, and a jury trial on the issue of damages followed. During the damages trial, the plaintiff elicited testimony showing that as a result of the accident, he sustained an inguinal hernia that was surgically repaired, and several herniated discs in the lumbar region of his spine starting at L5/S1, which caused him excruciating pain, radiculapothy, drop foot, and "RSD" (Reflex Sympathetic Dystrophy Syndrome). Testimony at trial also showed that, despite undergoing conservative treatment followed by spinal fusion surgery, both of which failed and the latter bringing about urinary incontinence, his condition was permanent in nature, rendering him permanently disabled from working. The jury awarded the plaintiff, inter alia, damages for past pain and suffering in the principal sum of $1,200,000 and for future pain and suffering in the principal sum of $3,000,000 over 23 years. After the jury trial, CPS and Nova separately moved pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence and for a new trial, on the ground that the damages awarded for past and future pain and suffering were excessive. The court agreed with them and reduced the award of damages, finding that $750,000 for past pain and suffering and $1,250,000 for future pain and suffering over 23 years, would not deviate materially from what would be considered reasonable compensation. The plaintiff appeals, contending, inter alia, that the jury's damages awards for past and future pain and suffering were not excessive and should be reinstated. CPS and Nova separately cross-appeal, contending, inter alia, that the damages awards for past and future pain and suffering, even as further reduced by the court, were still excessive.
A jury's determination with respect to awards for past and future pain and suffering will not be set aside unless the award deviates materially from what would be reasonable compensation (see CPLR 5501[c]; Quijano v American Tr. Ins. Co., 155 AD3d 981, 983; Kayes v Liberati, 104 AD3d 739, 741; Guallpa v Key Fat Corp., 98 AD3d 650, 651). "The reasonableness' of compensation must be measured against relevant precedent of comparable cases" (Kayes v Liberati, 104 AD3d at 741; see Halsey v New York City Tr. Auth., 114 AD3d 726, 727). "Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation" (Miller v Weisel, 15 AD3d 458, 469; see Vainer v DiSalvo, 107 AD3d 697, 698-699). Considering the nature and the extent of the injuries sustained by the plaintiff, the awards for past pain and suffering and future pain and suffering, as reduced by the Supreme Court, do not deviate materially from what would be reasonable compensation (see Kusulas v Saco, 134 AD3d 772, 774; Williams v City of New York, 105 AD3d 667; Guallpa v Key Fat Corp., 98 AD3d 650, 651; Coleman v City of New York, 87 AD3d 401; cf. Halsey v New York City Tr. Auth., 114 AD3d at 727; Kayes v Liberati, 104 AD3d at 741; Turuseta v Wyassup-Laurel Glen Corp., 91 AD3d 632, 635; Baird v V.I.P. Mgt. Co., Inc., 60 AD3d 608, 609; Taveras v Amir, 57 AD3d 887).
The remaining contentions raised by the plaintiff and Nova are either without merit or not properly before this Court.
DILLON, J.P., SGROI, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court