Garcia v Fernandez (2018 NY Slip Op 08920)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Garcia v Fernandez

2018 NY Slip Op 08920

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-04443
(Index No. 1201/13)

[*1]Arianna Garcia, appellant-respondent, 
vJuan Fernandez, et al., respondents-appellants.

Sobo & Sobo LLP, Middletown, NY (Brian Y. Kim of counsel), for appellant-respondent.
Burke, Conway, Loccisano & Dillon, White Plains, NY (David M. Berkley of counsel), for respondents-appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals and the defendants cross-appeal from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated February 25, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was to set aside a jury verdict as against the weight of the evidence and ordered a new trial on damages unless the parties stipulated to reduce the award of damages for past pain and suffering from the sum of $150,000 to the sum of $50,000, and to reduce the award of damages for future pain and suffering from the sum of $150,000 to the sum of $75,000. The order, insofar as cross-appealed from, denied that branch of the defendants' motion which sought a further reduction of the award of damages.
ORDERED that the order is reversed insofar as appealed from, on the law, and that branch of the defendants' motion which was to set aside the verdict as against the weight of the evidence is denied; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On October 1, 2012, the plaintiff, Arianna Garcia, was injured when a vehicle she was operating collided with a vehicle owned by the defendant Norberto Gonzalez and operated by the defendant Juan Fernandez. The plaintiff was 31 years old at the time of the accident. This action ensued, and the plaintiff was awarded summary judgment on the issue of liability.
At the damages trial, the plaintiff submitted the testimony of an orthopedic surgeon who testified that an MRI of the plaintiff's left wrist revealed a nondisplaced fracture of the second metacarpal. The orthopedic surgeon further testified that an MRI of the plaintiff's cervical spine revealed herniations at C3-4 and C5-6, and that these herniations were causing pain, weakness, and tingling in the plaintiff's left hand. The orthopedic surgeon testified that the plaintiff's condition was "likely not to improve over time." The plaintiff testified that, after the accident, she felt constant tingling from her shoulders all the way down to her hands. She testified that, at the time of trial, she [*2]still experienced pain for weeks at a time.
The jury found in favor of the plaintiff, and awarded her $150,000 for past pain and suffering, and $150,000 for future pain and suffering over 46 years. A judgment was entered in favor of the plaintiff and against the defendants in the principal sum of $300,000.
The defendants then moved to set aside the pain and suffering awards as contrary to the weight of the evidence. In an order dated February 25, 2016, the Supreme Court granted the defendants' motion to the extent of ordering a new trial on damages unless the parties stipulated to reduce the award of damages for past pain and suffering from $150,000 to $50,000, and to reduce the award of damages for future pain and suffering from $150,000 to $75,000. The plaintiff appeals and the defendants cross-appeal.
We disagree with the Supreme Court's determination granting the defendants' motion to set aside the pain and suffering awards to the extent of ordering a new trial on the issue of damages unless the parties stipulated to reduce the awards of damages for past and future pain and suffering. The awards did not deviate materially from what would be considered reasonable compensation (see Turuseta v Wyassup-Laurel Glen Corp., 91 AD3d 632, 634; cf. Perone v City of New York, 86 AD3d 600, 601; see generally CPLR 5501[c]; Kayes v Liberati, 104 AD3d 739, 741).
The plaintiff's remaining contention is academic in view of the foregoing.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court