■ MICHAEL WRIGHT, Respondent, v LONG ISLAND RAIL ROAD COMPANY, INC., et al., Appellants. [628 NYS2d 393] — In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered March 7, 1994, upon a jury verdict, which, inter alia, is in favor of the plaintiff and against them in the principal sum of $162,000, provides for the payment to the plaintiff's attorney from that sum of $49,757.36 for attorneys' fees and $10,862.98 in disbursements, and grants the plaintiff's attorneys "execution therefor."

Ordered that the judgment is modified by deleting therefrom the provision providing for the payment of $49,757.36 for attorney's fees and $10,862.98 in disbursements, payable to the plaintiff's attorneys, and granting the plaintiff's attorneys "execution therefor"; as so modified, the judgment is affirmed, without costs or disbursements.

The plaintiff Michael Wright (hereinafter Wright) and the defendants, Long Island Rail Road and Metropolitan Transportation Authority, were codefendants in a wrongful death ac-

tion in which the defendants cross-claimed against Wright for contribution. The jury found Wright and the defendants jointly liable and assessed their respective fault at 40% and 60% and awarded the plaintiff therein $3,000,000. In the related instant personal injury action brought by Wright against the defendants, and tried jointly with the wrongful death action, Wright was awarded $160,200 by a separate judgment against the defendants. The judgment also contained a provision directing the defendants to pay directly to Wright's attorney, out of the award, the attorney's fees and disbursements, and giving the latter the right of "execution therefor."

While the defendants' appeals from both judgments were pending, Wright and the defendants settled with the plaintiff in the first action for $1,600,000, of which the defendants paid $1,500,000 and Wright paid $100,000, representing the extent of his insurance coverage. The defendants subsequently withdrew their appeal from the judgment entered in the wrongful death action.

The defendants contend that the judgment should be reversed by virtue of the fact that it is entirely offset by their contribution claim against Wright for his "proportionate share of liability" (see, CPLR 1402; Rock v Reed-Prentice Div., 39 NY2d 34, 37). While we do not dispute the defendants' right to contribution, this does not, by itself, present a basis for reversal of the judgment. However, that portion of the judgment which ordered the defendants to pay Wright's attorney's fees and disbursements directly from the award, and giving the attorneys the right of "execution therefor" was improper, as it essentially awards a money judgment to a nonparty (see, CPLR 5011; see also, Code of Professional Responsibility DR 5-103 [A] [22 NYCRR 1200.22 (a)]). Sullivan, J. P., Miller, Thompson and Joy, JJ., concur.