■ JANE MAHARAM, Respondent-Appellant, v ROBERT MAHARAM, Appellant-Respondent. [652 NYS2d 506] —Judgment, Supreme Court, New York County (Carol Arber, J.), entered January 2, 1996, which, upon jury verdict, awarded plaintiff the principal sum of $350,000 compensatory damages and $250,000 punitive damages, unanimously affirmed, with costs. Appeal from the order of the same court and Justice, entered October 17, 1995, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

The evidence does not so preponderate in favor of defendant that the verdict could not have been reached on any fair interpretation of the evidence (*Martin v McLaughlin,* 162 AD2d 181, 184), and defendant's contentions represent nothing more than his own self-serving view of the evidence, which gives this Court no reason to disturb the trial court's denial of his motion to set aside the jury verdict (*see, Kamen v Kamen,* 163 AD2d 58). We find that the award of future medical care costs was not "speculative" (*Korn v Levick,* 231 AD2d 606, 607); that the verdict adequately compensates plaintiff for "future pain and suffering associated" with the relevant injury (*Martinez v Gouverneur Gardens Hous. Corp.,* 184 AD2d 264, 267, *lv denied* 80 NY2d 759); that there is evidence to support the jury's resolution of the issue of when plaintiff's cause of action accrued (123 AD2d 165, 172); and that there is sufficient evidence of all of the elements of constructive fraud, including injury to plaintiff (*see, Brown v Lockwood,* 76 AD2d 721, 730-731). Punitive damages were justified by reason of defendant's conduct of an egregious nature (*see, Home Ins. Co. v American Home Prods. Corp.,* 75 NY2d 196, 203-204), and the amount awarded was not excessive. The verdict on comparative negligence was proper, as Public Health Law § 2307 should not be construed as imposing absolute liability in the absence of any expression of legislative intent to support such an interpretation (*cf., Juarez v Wavecrest Mgt. Team,* 88 NY2d 628). We have considered defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger, Nardelli and Mazzarelli, JJ.