■ SHANTIE LALLA, Respondent, et al., Plaintiff, v TIMOTHY CONNOLLY et al., Appellants. [791 NYS2d 845]—In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by stipulation between the parties, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated November 14, 2003, as denied their motion pursuant to

CPLR 4404 to set aside a jury verdict in favor of the plaintiff Shantie Lalla and against them in the principal sum of $409,000, as against the weight of the evidence.

Ordered that the order is affirmed insofar as appealed from, with costs.

A jury verdict should not be set aside as against the weight of the evidence unless the evidence so preponderates in favor of the moving party that the verdict could not have been reached on any fair interpretation of the evidence (*see Grassi v Ulrich*, 87 NY2d 954, 956 [1996]; *Payne v Rodriguez*, 288 AD2d 280 [2001]; *cf. Bendersky v M & O Enters. Corp.*, 299 AD2d 434, 435 [2002]). Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the evidence. Its resolution is entitled to deference (*see Robinson v City of New York*, 300 AD2d 384, 385 [2002]; *Frumusa v Weyer Constr.*, 245 AD2d 416 [1997]), and a successful party is entitled to a presumption that the jury adopted a reasonable view of the evidence (*see Miglino v Supermarkets Gen. Corp.*, 243 AD2d 451 [1997]).

The testimony of the injured plaintiff's treating physicians clearly established a basis upon which the jury could have reasonably concluded that the injured plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident that occurred in December 1999, rather than as a result of a subsequent accident that occurred in December 2001 (*see e.g. Greene v Frontier Cent. School Dist.*, 214 AD2d 947, 948 [1995]).

Moreover, under the circumstances of this case, the damages awarded to the injured plaintiff do not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Van Ness v New York City Tr. Auth.*, 288 AD2d 374 [2001]; *Frascarelli v Port Auth. of N.Y. & N.J.*, 269 AD2d 422 [2000]; *Garcia v Queens Surface Corp.*, 271 AD2d 277 [2000]). Schmidt, J.P., Goldstein, Crane and Fisher, JJ., concur.