■ ALEKSANDER JANDA, Respondent, v MICHAEL RIENZI TRUST et al., Appellants. [912 NYS2d 237]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County (Siegal, J.), dated August 11, 2009, which, upon a jury verdict, inter alia, awarding the plaintiff damages in the principal sums of $24,662 for past medical expenses, $163,870 for past lost earnings, $1,892,300 for future lost earnings, and $330,000 for future medical expenses, and upon an order dated July 27, 2009, granting their motion pursuant to CPLR 4404 (a), among other things, to set aside the damages awards as contrary to the weight of the evidence and excessive only to the extent of reducing the award for past medical expenses to the principal sum of $16,000, the award for past lost earnings to the principal sum of $158,107, and the award for future lost earnings to the principal sum of $1,848,063, is in favor of the plaintiff and against them.

Ordered that the judgment is reversed, on the law, the facts, and in the exercise of discretion, with costs, that branch of the defendants' motion which was pursuant to CPLR 4404 (a) to set aside the damages awards for past and future lost earnings as excessive is granted to the further extent of reducing the award for past lost earnings from the principal sum of $163,870 to the principal sum of $118,209 and the award for future lost earnings from the principal sum of $1,892,300 to the principal sum of $1,324,610, the order dated July 27, 2009, is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment.

On October 6, 2005, while working as a construction laborer in a warehouse, the plaintiff fell 12 feet onto his back, fracturing a vertebra in his spine. He brought this action against the defendants, the owners of the warehouse, asserting causes of action to recover damages for negligence and pursuant to the Labor Law. The Supreme Court granted the plaintiff summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action and, thereafter, a trial on the issue of damages was held. The jury awarded the plaintiff, inter alia, damages in the principal sums of $24,662 for past medical expenses, $163,870 for past lost earnings, $1,892,300 for future lost earnings, and $330,000 for future medical expenses. The Supreme Court granted the defendants' motion pursuant to CPLR 4404 (a) to set aside the damages awards only to the extent of reducing the award for past medical expenses to the principal sum of

$16,000, the award for past lost earnings to the principal sum of $158,107, and the award for future lost earnings to the principal sum of $1,848,063.

Contrary to the defendants' contention, the plaintiff's claims for past and future lost earnings were not barred by the federal Immigration Reform and Control Act of 1986 because the evidence did not establish that the plaintiff's employer was induced to hire him based on his submission of false documentation (*see Macedo v J.D. Posillico, Inc.*, 68 AD3d 508, 511 [2009]; *Coque v Wildflower Estates Devs., Inc.*, 58 AD3d 44, 52 [2008]).

Contrary to the plaintiff's contention, the defendants' contention that they were entitled to judgment as a matter of law on the issue of the past and future lost earnings awards because the plaintiff failed to establish those claims with reasonable certainty is preserved for appellate review. However, the contention is without merit.

Moreover, the jury's verdict that the plaintiff was entitled to lost earnings was not contrary to the weight of the evidence. The jury could reasonably have concluded, based on the expert testimony presented at trial, that the plaintiff was totally disabled and that, therefore, the projections of his earnings by his economist were properly based on an assumption that he was totally disabled (*cf. Harris v City of New York*, 2 AD3d 782, 784 [2003]). However, we note that, as the defendants correctly contend, the plaintiff's economist erroneously projected the plaintiff's lost earnings based on an annualization of his earnings for the year 2005. The record establishes that the plaintiff earned $25 per hour for the first half of 2005 and only $15 per hour subsequently, until the date of the accident. Since no evidence was adduced that the plaintiff would again have earned $25 per hour, the economist's earnings projection was incorrect to the extent it was based on that assumption. Accordingly, the awards for past and future lost earnings are excessive to the extent indicated.

There is no merit to the defendants' contention that the jury's award for future medical expenses should have been set aside because the testimony of one of the plaintiff's experts that the plaintiff would need future surgeries was unsupported by the record and, thus, speculative (*see Maharam v Maharam*, 235 AD2d 226 [1997]; *cf. Jackson v Chetram*, 300 AD2d 446, 447 [2002]).

The parties' remaining contentions are either unpreserved for appellate review or without merit. Rivera, J.P., Angiolillo, Roman and Sgroi, JJ., concur.