In an action to recover damages for personal injuries, the defendant appeals, as limited by its notice of appeal and brief, from so much of a judgment of the Supreme Court, Queens County (Ritholtz, J.), entered June 8, 2011, as, upon an order of the same court (Kitzes, J.), dated July 9, 2009, granting the plaintiffs motion for summary judgment on the issue of liability, upon a jury verdict on the issue of damages, inter alia, awarding the plaintiff the principal sums of $791,000 for past pain and suffering, $1,428,571.43 for future pain and suffering over 28 *651 years, $87,360 for past lost earnings, $198,000 for future lost earnings over 28 years, and $535,714 for future medical expenses over 35 years, and upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the verdict on the issue of damages as contrary to the weight of the evidence and excessive, is in favor of the plaintiff and against it in those amounts.
Ordered that the judgment is affirmed insofar as appealed from, with costs.
On June 30, 2006, while working as a construction worker, the then-23-year-old plaintiff fell 8 to 10 feet from a ladder, landing on top of the ladder on the floor, and sustaining injuries. These injuries included an ankle fracture, which required him to undergo two surgeries, a herniated disc at the L4-L5 or L5-S1 level, which also required surgery, and a rotator cuff injury. The plaintiff commenced this action against the defendant, the owner of the premises where the accident occurred. The Supreme Court granted the plaintiffs motion for summary judgment on the issue of liability and, thereafter, a trial on the issue of damages was held. On appeal, the defendant challenges several of the damages awards.
“The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation” (Graves v New York City Tr. Auth., 81 AD3d 589, 589 [2011]; see CPLR 5501 [c]; Chery v Souffrant, 71 AD3d 715, 716 [2010]; Keaney v City of New York, 63 AD3d 794, 795 [2009]; Vaval v NYRAC, Inc., 31 AD3d 438, 438 [2006]). There is no merit to the defendant’s contention that the jury’s award for future medical expenses should have been set aside as speculative (see Janda v Michael Rienzi Trust, 78 AD3d 899, 901 [2010]; cf. Strangio v New York Power Auth., 275 AD2d 945, 946-947 [2000]; Sanvenero v Cleary, 225 AD2d 755, 756 [1996]; Cramer v Kuhns, 213 AD2d 131, 139 [1995]; Buggs v Veterans Butter & Egg Co., 120 AD2d 361, 361 [1986]), and this award did not deviate from what would be reasonable compensation (see CPLR 5501 [c]). The plaintiff established his claims for past and future lost earnings with reasonable certainty (see Shi Pei Fang v Heng Sang Realty Corp., 38 AD3d 520, 521-522 [2007]; see generally Lodato v Greyhawk N. Am., LLC, 39 AD3d 494, 495-496 [2007]), and these awards did not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]). Finally, considering the nature and the extent of the injuries sustained by the plaintiff, the awards for past and future pain and suffering did not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]).
*652 The defendant’s remaining contentions are unpreserved for appellate review. Skelos, J.P., Dickerson, Leventhal and Roman, JJ., concur.