■ RUBEN CORENA et al., Respondents, v BBZZ EQUITIES, INC., et al., Appellants. [25 NYS3d 647]—

In an action to recover damages for personal injuries, etc., the defendants appeal from (1) an order of the Supreme Court, Kings County (Battaglia, J.), dated May 9, 2013, which granted their motion pursuant to CPLR 4404 (a) to set aside a jury verdict only to the extent of ordering a new trial on the issue of damages for past loss of earnings unless the plaintiffs stipulated to reduce the award for past loss of earnings from the principal sum of $150,000 to the principal sum of $75,000, and (2) a judgment of same court dated July 12, 2013, which, upon the order, is in favor of the plaintiffs and against them in the total sum of $711,542.19.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof awarding the plaintiffs the principal sum of $75,000 for past loss of earnings and calculating the total sum of the judgment, including the amount of interest; as so modified, the judgment is affirmed, with one bill of costs to the plaintiffs, that branch of the defendants' motion pursuant to CPLR 4404 (a) which was to set aside so much of the jury verdict as awarded the plaintiffs the principal sum of $150,000 for past loss of earnings is denied, so much of the jury verdict as awarded the plaintiffs the principal sum of $150,000 for past lost earnings is reinstated, the order dated May 9, 2013, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a]).

According to the evidence adduced at trial, the plaintiff

Ruben Corena was injured when he slipped and fell at a gas station owned by the defendant BBZZ Equities, Inc., and leased to the defendant 880 Garrison Corp. (hereinafter together the defendants). Corena was walking back to his truck after signing a receipt for fuel he purchased when he stepped with his right foot on a triangular crack or hole in the pavement, approximately one-to-two inches deep, which caused him to lose his footing. As he tried to regain his balance with his left foot, it slipped and Corena fell to the ground. After his fall, he noticed that the ground was slippery with "oil and dirt," and that his left leg was getting swollen. When he tried to stand up and put weight on the left leg, a bone "c[a]me out to the side" and he fell a second time.

Contrary to the defendants' contention, they were not entitled to judgment as a matter of law on the issue of liability based on the alleged trivial nature of the triangular defect. Apart from the fact that the issue of triviality, under the circumstances presented, was properly for the jury to decide (*see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66 [2015]; *Trincere v County of Suffolk*, 90 NY2d 976 [1997]), the alleged cause of Corena's first fall was not only the tripping hazard posed by the triangular defect, but also the slipping hazard posed by the presence of oil on the ground.

The defendants' remaining contention regarding the legal sufficiency of the liability verdict is without merit, as there was a valid line of reasoning to support the jury's liability verdict (*see generally Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

Turning to the issue of damages, the Supreme Court improvidently exercised its discretion in granting the defendants' motion to set aside the verdict on damages to the extent of ordering a new trial on the issue of damages for past loss of earnings, unless the plaintiffs stipulated to reduce the award for past loss of earnings. Corena established with reasonable certainty his damages for past loss of earnings, as reflected in the jury's damages award, through the submission of relevant documentation (*see Guallpa v Key Fat Corp.*, 98 AD3d 650, 651 [2012]; *see generally Lodato v Greyhawk N. Am., LLC*, 39 AD3d 494, 495-496 [2007]). Although Corena is a respondent on this appeal, he stipulated to accept the trial court's reduction of the jury's damage award for past loss of earnings in lieu of a new trial on that issue. Thus, Corena is entitled to request full or partial reinstatement up to the sum voted by the jury pursuant to CPLR 5501 (a) (5), which, under these circumstances, authorizes this Court to increase damages "to a sum not exceed-

ing the verdict" (*see Lopez v New York City Dept. of Envtl. Protection*, 123 AD3d 982 [2014]).

Finally, contrary to the defendants' contention, the award of $55,000 to the plaintiff Maritza Corena for loss of services did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Balkin, J.P., Chambers, Cohen and Maltese, JJ., concur.