ELGIN McEACHIN, Respondent, v CITY OF NEW YORK et al., Appellants. [25 NYS3d 672]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Velasquez, J.), dated August 20, 2013, which, upon a jury verdict finding them 85% at fault in the happening of the accident and the plaintiff 15% at fault, upon a jury verdict on the issue of damages finding that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident and sustained damages for past pain and suffering in the principal sum of $600,000, future pain and suffering in the principal sum of $500,000, past medical expenses in the principal sum of $55,000, and future medical expenses in the principal sum of $87,500, and upon an order of the same court dated June 18, 2013, denying their motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages and for judgment as a matter of law, or,

alternatively, to set aside the verdict as contrary to the weight of the evidence and excessive and for a new trial, is in favor of the plaintiff and against them in the principal sum of $1,016,613.

Ordered that the judgment is modified, on the facts, by deleting the provisions thereof awarding damages to the plaintiff in the principal sums of $600,000 for past pain and suffering and $500,000 for future pain and suffering; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issues of damages for past and future pain and suffering, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the amount of damages for past pain and suffering from the principal sum of $600,000 to the principal sum of $400,000, and to reduce the amount of damages for future pain and suffering from the principal sum of $500,000 to the principal sum of $350,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

On January 23, 2009, the plaintiff Elgin McEachin and the defendant Michael McMahon were involved in a motor vehicle collision at the intersection of Saratoga Avenue and Park Place, in Brooklyn. McMahon's vehicle was owned by the defendant New York City Police Department, a department of the defendant City of New York. The plaintiff was 49 years of age at the time of the accident. He commenced this action to recover damages for his injuries on April 30, 2009.

At the ensuing trial, the plaintiff presented the testimony of an orthopedic surgeon who treated him for injuries to his lumbar spine approximately two months after the accident. Among other things, this physician testified that the plaintiff reported severe pain in his lower back, his straight-leg raising test was positive, and he walked with an antalgic gate and a limp favoring his left side. Moreover, the results of a discogram of the plaintiff's lumbar spine were not normal, because there were fissures in several of the discs. He diagnosed the plaintiff with low back pain secondary to low lumbar post-traumatic pathology, and lower radiculopathy. After the surgeon administered epidural steroid injections, he eventually implanted a spinal cord stimulator in the plaintiff's back to block pain reception. During a trial period before the plaintiff received a permanent implant, his pain was reduced by at least 50%.

The plaintiff testified that, at the time of trial, the spinal implant device was still in his back, and he used it every day. Although the device made his pain "manageable," he still experienced back pain and he could no longer engage in certain activities.

The plaintiff also presented the testimony of another orthopedic surgeon, who performed arthroscopic surgery on his left knee approximately two months after the accident. Relying on photographs of the inside of the knee taken during the surgery, this physician identified a "whole lot" of cartilage damage throughout the knee, and diagnosed the plaintiff with tricompartment degenerative arthritis with grade four chondromalacia. Further, he offered testimony that these injuries were caused by the subject accident. Although the physician did not write down measurements for the loss of motion with respect to the knee, his examination showed "positive tenderness over the condyles and [a] gross loss of motion." Further, this physician opined that, without a doubt, the plaintiff would need at least one total knee replacement in the future. He recommended that the plaintiff live with his knee pain as long as he "can take it" before undergoing knee replacement surgery.

The plaintiff testified, among other things, that he used crutches or a cane for three weeks after his arthroscopic knee surgery, and his ability to bend the knee did not improve much after the surgery. Moreover, at the time of trial, he could not walk for long periods and he was constantly feeling pain in his left knee.

At the close of the plaintiff's case, the defendants moved for an order of dismissal, inter alia, on the ground that the plaintiff failed to establish that he sustained a serious injury within the meaning of Insurance Law § 5102, and the motion was denied.

During their case, the defendants did not present the testimony of any physicians or other experts. Thereafter, they moved for a directed verdict on the ground that the plaintiff failed to establish that he sustained a serious injury within the meaning of Insurance Law § 5102, and the motion was denied.

The jury returned a verdict finding that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d), the defendants were 85% at fault in the happening of the accident, and the plaintiff was 15% at fault. The jury awarded the plaintiff $600,000 in past pain and suffering, $500,000 for 20 years of future pain and suffering, $55,000 for past medical expenses, and $87,500 for future medical expenses.

The defendants moved to set aside the verdict pursuant to

CPLR 4404 (a) on the ground, inter alia, that the plaintiff failed to establish that he sustained a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court denied that motion. The judgment appealed from is in favor of the plaintiff and against the defendants in the principal sum of $1,016,613. The defendants appeal, and we modify.

The "legislative intent underlying the No-Fault Law [is] to weed out frivolous claims and limit recovery to significant injuries" (*Dufel v Green*, 84 NY2d 795, 798 [1995]; *see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]). As such, there must be some objective proof of a plaintiff's injury in order to satisfy the statutory serious injury threshold, subjective complaints alone are insufficient (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 352; *see also Perl v Meher*, 18 NY3d 208, 216 [2011]). One way to substantiate a claim of serious injury is through an expert's designation of a numeric percentage of a plaintiff's loss of range of motion, i.e., quantitatively (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 350). However, "[a]n expert's qualitative assessment of a plaintiff's condition also may suffice, provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system" (*id.*, citing *Dufel v Green*, 84 NY2d at 798 [emphasis omitted]; *see Kahvejian v Pardo*, 125 AD3d 936, 938 [2015]).

Contrary to the defendants' contention, the trial evidence demonstrates that the plaintiff's experts provided a valid qualitative assessment of the plaintiff's condition, with respect to both his lumbar spine and his left knee, and their evaluations had an "objective basis" (*Toure v Avis Rent A Car Sys.*, 98 NY2d at 350; *see Kahvejian v Pardo*, 125 AD3d at 938; *see also Ramkumar v Grand Style Transp. Enters. Inc.*, 22 NY3d 905, 907 [2013]; *Brown v Achy*, 9 AD3d 30, 32 [2004]).

In view of the foregoing, there was a rational process by which the jury could have found that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) under the significant limitation of use and permanent consequential limitation of use categories as a result of the subject accident, and the verdict as to that issue was based upon a fair interpretation of the evidence (*see Siddiqua v Anarella*, 120 AD3d 793 [2014]; *Nicastro v Park*, 113 AD2d 129 [1985]). Thus, the Supreme Court properly declined to set aside the verdict as to that issue.

However, to the extent indicated herein, the damages awarded for past pain and suffering and future pain and suffering deviated materially from what would be reasonable

under the circumstances (*see* CPLR 5501 [c]; *Turturro v City of New York*, 127 AD3d 732, 739 [2015], *lv granted* 26 NY3d 908 [2015]; *Belt v Girgis*, 82 AD3d 1028 [2011]). Dillon, J.P., Cohen, Maltese and Barros, JJ., concur.