■ MARSHALL STARKMAN, Appellant, v CITY OF LONG BEACH et al., Respondents. [50 NYS3d 148]—

In an action to recover damages for personal injuries, the plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Nassau County (Bruno, J.), entered November 24, 2014, which, upon a jury verdict on the issue of damages, is in favor of the plaintiff and against the defendants in the principal sums of only $100,000 for past medical expenses, $200,000 for past loss of earnings, $500,000 for past pain and suffering, $200,000 for future medical expenses, $450,000 for future loss of earnings, and $750,000 for future pain and suffering.

Ordered that the judgment is modified, on the law, on the

facts and in the exercise of discretion, (1) by deleting the provision thereof awarding damages for past pain and suffering in the principal sum of $500,000, and (2) by deleting the provision thereof awarding damages for future pain and suffering in the principal sum of $750,000; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of damages for past and future pain and suffering, unless within 30 days after service upon the defendants of a copy of this decision and order, the defendants serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to increase the verdict as to damages for past pain and suffering from the principal sum of $500,000 to the principal sum of $750,000, and for future pain and suffering from the principal sum of $750,000 to the principal sum of $1,500,000, and to the entry of an appropriate amended judgment accordingly; in the event that the defendants so stipulate, then the judgment, as so increased and amended, is affirmed, without costs or disbursements.

On May 26, 2010, the defendant Paul DeMarco, a City of Long Beach Police Officer, was patrolling the beach in a patrol car when he struck and ran over the plaintiff, who was lying on the beach in a lounge chair. The plaintiff was taken to the hospital where imaging tests revealed that he had sustained three broken ribs and fractures of the transverse processes of the C6, C7, and T1 vertebrae. The imaging also revealed what was described as "degenerative changes" of the spine including herniations of the cervical discs at the C5-C6 and C6-C7 levels along with osteophysis, disc space narrowing, and narrowing of the spinal canal.

The plaintiff subsequently was examined by an orthopedic surgeon and 17 months after the accident he underwent a multi-level cervical fusion surgery to treat the disc herniations that were believed to be causing continued neurological pain. When the bone failed to properly fuse, a second surgery was performed 15 months later which successfully fused the vertebrae. The plaintiff, however, continued to experience neck and back pain.

After this Court awarded summary judgment on the issue of liability in favor of the plaintiff (see *Starkman v City of Long Beach*, 106 AD3d 1076, 1077 [2013]), a trial on the issue of damages was held from January 15, 2014, to February 14, 2014. The plaintiff presented expert evidence from his treating physicians as to the injuries he claimed to have sustained as a result of the accident. He also presented evidence pertaining to

his past and future medical expenses and lost earnings. Expert witnesses called by the defendants disagreed that the plaintiff's condition and pain was caused by the accident and testified that fusion surgery on the preexisting herniated discs may have only worsened the plaintiff's condition. The defense experts also disagreed with the amounts computed by the plaintiff's experts for future medical expenses as well as their contention that the plaintiff could never return to work. The jury returned a verdict finding that the plaintiff had sustained damages consisting of $100,000 for past medical expenses, $200,000 for past loss of earnings, $500,000 for past pain and suffering, $200,000 for future medical expenses over 18 years, $450,000 for future loss of earnings over 14 years, and $750,000 for future pain and suffering over 35 years. Judgment was subsequently entered in that amount plus interest. The plaintiff appeals on the ground that the amounts of the jury's damages awards were not supported by the evidence and were not reasonable compensation.

"Awards of damages for past and future medical expenses must be supported by competent evidence which establishes the need for, and the cost of, medical care" (*Pilgrim v Wilson Flat, Inc.*, 110 AD3d 973, 974 [2013]; *see Lane v Smith*, 84 AD3d 746, 749 [2011]; *Mohamed v New York City Tr. Auth.*, 80 AD3d 677, 679 [2011]; *Diaz v Parsons Props.*, 309 AD2d 892 [2003]; *Jansen v Raimondo & Son Constr. Corp.*, 293 AD2d 574, 575 [2002]). Evidence submitted at trial that is purely speculative does not support an award of damages for future medical expenses (*see Pilgrim v Wilson Flat, Inc.*, 110 AD3d at 974; *Mohamed v New York City Tr. Auth.*, 80 AD3d at 679). Thus, the jury's awards for past and future medical expenses, in amounts lower than requested, was reasonable in light of speculative testimony from the plaintiff's witnesses as to certain past and future medical expenses.

With respect to the awards for past and future pain and suffering, the jury's determination will not be disturbed unless the award "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; *see Kayes v Liberati*, 104 AD3d 739, 741 [2013]; *Robles v Polytemp, Inc.*, 127 AD3d 1052, 1055 [2015]; *Guallpa v Key Fat Corp.*, 98 AD3d 650, 651 [2012]). The reasonableness of compensation must be measured against relevant precedent of comparable cases (*see Kayes v Liberati*, 104 AD3d at 741; *Turuseta v Wyassup-Laurel Glen Corp.*, 91 AD3d 632 [2012]).

Here, the jury's awards for past and future pain and suffering deviated materially from what would be reasonable

compensation (*see* CPLR 5501 [c]; *Kusulas v Saco*, 134 AD3d 772 [2015]; *Halsey v New York City Tr. Auth.*, 114 AD3d 726 [2014]; *Guallpa v Key Fat Corp.*, 98 AD3d 650 [2012]). The plaintiff, 47 years old at the time of trial, suffered three fractured ribs and transverse process fractures in the C6, C7, and T1 vertebrae as a result of the accident. The plaintiff also suffered disc herniations and underwent two cervical fusion surgeries. The plaintiff takes various pain medications to treat his chronic pain, suffers ongoing sexual dysfunction, and is unable to participate in athletic activities. Based on the totality of his injuries and pain and suffering, we conclude that the verdict was inadequate to the extent indicated (*see Kusulas v Saco*, 134 AD3d 772 [2015]; *Halsey v New York City Tr. Auth.*, 114 AD3d 726 [2014]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.