■ ALEXANDER NAYBERG et al., Respondents, v NASSAU COUNTY et al., Appellants, et al., Defendant. [51 NYS3d 160]—

In an action to recover damages for personal injuries, etc., the defendants Nassau County and Richard Balsan appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated October 28, 2014, as denied that branch of their motion pursuant to CPLR 4404 (a) which was to set aside a jury verdict in favor of the plaintiff Alexander Nayberg on the issue of damages for past and future lost earnings, past and future pain and suffering, future medical expenses, and future dental expenses, as contrary to the weight of the evidence and excessive, and for a new trial on that issue.

Ordered that the order is affirmed insofar as appealed from, with costs.

On May 20, 2008, the plaintiff Alexander Nayberg (hereinafter the plaintiff) was injured when the car he was driving was struck by a motor vehicle driven by the defendant Richard Balsan, and owned by Balsan's employer, the defendant County of Nassau (hereinafter together the appellants). After the liability phase of a bifurcated trial, a jury determined that the appellants were, together, 50% liable for the plaintiff's injuries.

During the damages phase of the trial, the plaintiff adduced evidence that, as a result of the accident, he underwent

extensive and painful dental procedures, and surgery for a cervical level herniated disc. The plaintiff further adduced evidence that he required a daily pain management regimen. His treating orthopedic surgeon testified that the plaintiff was disabled and unable to return to work. Although the plaintiff had lost his job at Bloomingdale's as operating director of the restaurant division prior to the accident, the plaintiff's economist computed the plaintiff's economic damages based upon the income the plaintiff had earned during the last three years he worked for Bloomingdale's, opining that the plaintiff has shown that he had the "skill set and marketability to be hired at that rate of pay."

The jury awarded the plaintiff, inter alia, $447,858.58 for past lost earnings, $325,893 for future lost earnings, $600,000 for past pain and suffering, $1,000,000 for future pain and suffering, $200,000 for future medical expenses, and $25,000 for future dental expenses. The appellants moved pursuant to CPLR 4404 (a) to set aside the jury's damages award. The Supreme Court denied the motion, and the appellants appeal.

"The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (*Graves v New York City Tr. Auth.*, 81 AD3d 589, 589 [2011]; *see* CPLR 5501 [c]; *Chery v Souffrant*, 71 AD3d 715, 716 [2010]). Here, the plaintiff established his claim for past and future lost earnings with reasonable certainty through his own testimony as well as the testimony of an economist, and the award did not deviate from what would be reasonable compensation (*see Walker v New York City Tr. Auth.*, 115 AD3d 941, 942-943 [2014]). The appellants failed to submit any evidence in opposition to the plaintiff's evidence regarding his income and earning potential. In addition, considering the nature and the extent of the injuries sustained by the plaintiff, the jury's awards for past and future pain and suffering did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Halsey v New York City Tr. Auth.*, 114 AD3d 726, 727 [2014]; *Kayes v Liberati*, 104 AD3d 739, 741 [2013]; *Guallpa v Key Fat Corp.*, 98 AD3d 650, 651 [2012]). Finally, there is no merit to the appellants' contention that the jury's awards for future medical and dental expenses were not supported by the evidence (*see Guallpa v Key Fat Corp.*, 98 AD3d at 651; *Janda v Michael Rienzi Trust*, 78 AD3d 899, 901 [2010]), and these awards did not deviate from what would be reasonable compensation (*see* CPLR 5501 [c]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination.

Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was to set aside the jury verdict on the issue of damages for past and future lost earnings, past and future pain and suffering, future medical expenses, and future dental expenses. Eng, P.J., Leventhal, Cohen and Duffy, JJ., concur.