In an action to recover damages for personal injuries, the defendants First Eight Grand Corp. and Emmanuel A. Emeka appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Walker, J.), dated June 4, 2015, as denied those branches of their motion which were pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff and against them on the issue of damages as contrary to the weight of the evidence, excessive, and in the interest of justice, and for a new trial on that issue, and (2) a judgment of the same court dated July 22, 2015, which, upon the jury verdict, is in favor of the plaintiff and against them in the principal sum of $1,811,253.82.
 

 Ordered that the appeal from the order is dismissed; and it is further,
 

 Ordered that the judgment is affirmed; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff.
 

 The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
 

 The plaintiff allegedly was injured when a cab driven by the defendant Emmanuel A. Emeka and owned by the defendant First Eight Grand Corp. (hereinafter together the defendants) hit him in the right knee and knocked him to the ground at an intersection in midtown Manhattan. The plaintiff commenced this action against, among others, the defendants to recover damages allegedly sustained as a result of the defendants’ negligence.
 

 During the damages phase of the bifurcated trial, the plaintiff’s treating physician presented evidence that the plaintiff sustained a tear in the labrum of his right shoulder with impingement syndrome, and that he underwent surgery to repair those injuries. The physician also presented evidence that the plaintiff had a torn meniscus in his right knee, a disc bulge in the L4-5 region of his spine, and radiculopathy in his upper and lower extremities. The physician testified that it was his opinion that all of the plaintiff’s injuries were the result of trauma from the accident. The defendants presented the testimony of two expert witnesses, who disagreed with the diagnoses of the plaintiff’s physician, and opined that any injuries the plaintiff had were not the result of the accident and were not serious, as defined by Insurance Law § 5102 (d). The jury returned a verdict in favor of the plaintiff and awarded him, inter alia, the sums of $300,000 for past pain and suffering, $500,000 for future pain and suffering, and $800,000 for future medical expenses.
 

 After the trial, the defendants moved, inter alia, pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence and for a new trial, on the basis that the plaintiff did not sustain a serious injury pursuant to Insurance Law § 5102 (d) as a result of the accident, that the damages awarded were excessive, and that certain comments made by the plaintiff’s counsel during the trial deprived the defendants of a fair trial. The Supreme Court denied the defendants’ motion, and entered judgment against the defendants. The defendants appeal.
 

 “A jury verdict is contrary to the weight of the evidence when the evidence so preponderates in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence” (Cicola v County of Suffolk, 120 AD3d 1379, 1382 [2014]; see Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d 587, 588 [2011]; see generally Lolik v Big V Supermarkets, 86 NY2d 744 [1995]; Nicastro v Park, 113 AD2d 129 [1985]). “Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert’s opinion, and reject that of another expert” (Cicola v County of Suffolk, 120 AD3d at 1382; see Morales v Interfaith Med. Ctr., 71 AD3d 648 [2010]; Segal v City of New York, 66 AD3d 865 [2009]). “Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the evidence. Its resolution is entitled to deference” (Lalla v Connolly, 17 AD3d 322, 323 [2005]). “[A] successful party is entitled to a presumption that the jury adopted a reasonable view of the evidence” (Cicola v County of Suffolk, 120 AD3d at 1382 [internal quotation marks omitted]; see Lalla v Connolly, 17 AD3d at 323). Contrary to the defendants’ contention, a fair interpretation of the evidence supports the jury’s conclusion that, based on the evidence before it, the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see McEachin v City of New York, 137 AD3d 753, 756 [2016]; Kahvejian v Pardo, 125 AD3d 936, 938-939 [2015]; Cicola v County of Suffolk, 120 AD3d at 1382).
 

 “Awards of damages for past and future medical expenses must be supported by competent evidence which establishes the need for, and the cost of, medical care” (Starkman v City of Long Beach, 148 AD3d 1070, 1072 [2017] [internal quotation marks omitted]; see Pilgrim v Wilson Flat, Inc., 110 AD3d 973, 974 [2013]). “Evidence submitted at trial that is purely speculative does not support an award of damages for future medical expenses” (Starkman v City of Long Beach, 148 AD3d at 1072; see Pilgrim v Wilson Flat, Inc., 110 AD3d at 974). The jury’s determination with respect to awards for past and future pain and suffering will not be set aside unless the award deviates materially from what would be reasonable compensation (see CPLR 5501 [c]; Kayes v Liberati, 104 AD3d 739, 741 [2013]; Guallpa v Key Fat Corp., 98 AD3d 650, 651 [2012]). “The reasonableness of compensation must be measured against relevant precedent of comparable cases” (Halsey v New York City Tr. Auth., 114 AD3d 726, 727 [2014] [internal quotation marks omitted]; see Kayes v Liberati, 104 AD3d at 741). “Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation” (Vainer v DiSalvo, 107 AD3d 697, 698-699 [2013] [internal quotation marks omitted]). There is no merit to the defendants’ contention that the jury’s award for future medical expenses should be set aside as speculative (see Nayberg v Nassau County, 149 AD3d 761, 762 [2017]; Guallpa v Key Fat Corp., 98 AD3d at 651; Janda v Michael Rienzi Trust, 78 AD3d 899, 901 [2010]). Moreover, considering the nature and the extent of the injuries sustained by the plaintiff, the awards for past and future pain and suffering did not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]; Halsey v New York City Tr. Auth., 114 AD3d 726 [2014]; Guallpa v Key Fat Corp., 98 AD3d at 651; Algerio v Caribbean A.C., 98 AD3d 465 [2012]; Purkiss-Riddle v New York City Tr. Auth., 89 AD3d 1001 [2011]; Gonzalez v New York City Tr. Auth., 87 AD3d 675 [2011]).
 

 The defendants failed to preserve for appellate review their contentions that the comments by the plaintiff’s counsel during the trial and on summation diverted the jury’s attention from the issues to be determined and deprived them of a fair trial (see Turuseta v Wyassup-Laurel Glen Corp., 91 AD3d 632, 634 [2012]; Goldberg v Sottile & Megna, M.D., P.C., 54 AD3d 359, 359-360 [2008]; Pello v Syed, 41 AD3d 568 [2007]).
 

 Balkin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.