Masmalaj v New York City Economic Dev. Corp. (2021 NY Slip Op 05120)





Masmalaj v New York City Economic Dev. Corp.


2021 NY Slip Op 05120


Decided on September 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2020-02602
 (Index No. 7555/14)

[*1]Albert Masmalaj, respondent, 
v
New York City Economic Development Corporation, et al., appellants, et al., defendant.


Baxter Smith Shapiro, P.C., White Plains, NY (Sim R. Shapiro of counsel), for appellants.
Lipsig, Shapey, Mans & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants New York City Economic Development Corporation, City of New York, Sims Municipal Recycling of New York, LLC, and West Rac Contracting Corp. appeal from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated January 2, 2020. The order denied those defendants' motion pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of damages and for a new trial on the issue of damages or, in the alternative, to set aside as excessive the jury verdict on the issue of damages for past pain and suffering, past and future lost earnings, loss of social security retirement income, and future medical expenses.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying those branches of the motion of the defendants New York City Economic Development Corporation, City of New York, Sims Municipal Recycling of New York, LLC, and West Rac Contracting Corp. which were pursuant to CPLR 4404(a) to set aside as excessive the jury verdict on the issue of damages for past pain and suffering, past and future lost earnings, loss of social security retirement income, and future pain management, and substituting therefor a provision granting those branches of the motion, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for past pain and suffering, past and future lost earnings, loss of social security retirement income, and future pain management, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the amount of damages for past pain and suffering from the principal sum of $2,000,000 to the principal sum of $1,000,000, for past lost earnings from the principal sum of $322,264 to the principal sum of $207,000, for future lost earnings from the principal sum of $569,454 for 5 years to the principal sum of $211,434 for 5 years, for loss of social security retirement income from the principal sum of $297,635 for 10 years to the principal sum of $40,000 for 10 years, and for future pain management from the principal sum of $349,840 for 36 years to the principal sum of $55,763 for 36 years; in the event that the plaintiff so stipulates, then the order, as so modified, is affirmed, without costs or disbursements.
The plaintiff fell from a scaffold five to six feet to the cement floor below. By order dated July 11, 2017, the Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), which order has been affirmed by this Court (see Masmalaj v New York City Economic Development Corporation, _____ AD3d _____ [Appellate Division Docket No. 2017-08536; decided herewith]). At a trial on the issue of damages, the plaintiff demonstrated that he sustained a fracture of his left shoulder that required surgery, as well as injuries to the cervical and lumbar regions of his spine that caused severe pain in his neck and lower back for which he received a total of five epidural injections. The plaintiff had a herniated disc at C4-C5, and ultimately underwent cervical fusion surgery, which resulted in a "non-union."
The jury returned a verdict awarding the plaintiff the sums of $2,000,000 for past pain and suffering, $2,343,108 for future pain and suffering, $322,264 for past lost earnings, $569,454 for future lost earnings over 5 years, $297,635 for loss of social security retirement income over 10 years, $374,949 for future medications over 36 years, $349,840 for future pain management over 36 years, $105,612 for orthopedic visits over 36 years, $171,554 for physical therapy over 36 years; $49,506 for diagnostic tests over 36 years, and $100,000 for future spinal surgery. The defendants New York City Economic Development Corporation, City of New York, Sims Municipal Recycling of New York, LLC, and West Rac Contracting Corp. (hereinafter collectively the defendants) moved pursuant to CPLR 4404(a) to set aside the verdict and for a new trial or, in the alternative, to set aside as excessive the verdict for past pain and suffering, past and future lost earnings, loss of social security retirement income, and future medical expenses. By order dated January 2, 2020, the Supreme Court denied the motion.
The defendants' contention that the Supreme Court exhibited bias against them during the damages trial is unpreserved for appellate review (see Agulnick v Agulnick, 189 AD3d 956, 958-959; Matter of Kimberly Z. [Jason Z.], 88 AD3d 1181).
The defendants' contention that a new trial is required because the plaintiff's trial counsel made improper remarks during the course of the damages trial is similarly unpreserved for appellate review (see Baynes v Maple 3, LLC, 169 AD3d 749, 750; Lagos v Fucale, 139 AD3d 908, 908).
To the extent the defendants contend that the award for future pain and suffering should have been set aside, that issue is not properly before this Court as it was not raised in the defendants' posttrial motion before the Supreme Court (see Gerber v Rosenfeld, 33 AD3d 662, 664).
Considering the nature and the extent of the injuries sustained by the plaintiff, the award for past pain and suffering deviates materially from what would be reasonable compensation to the extent indicated herein (see Garcia v CPS1 Realty, LP, 164 AD3d 656; Cano v Mid-Valley Oil Co., Inc., 151 AD3d 685; Starkman v City of Long Beach, 148 AD3d 1070; Kusulas v Saco, 134 AD3d 772).
"'A party claiming lost earnings has the burden of proving the amount of actual past earnings with reasonable certainty, by means of tax returns or other documentation'" (Tarpley v New York City Tr. Auth., 177 AD3d 929, 932, quoting Deans v Jamaica Hosp. Med. Ctr., 64 AD3d 742, 744; see Gore v Cardany, 167 AD3d 851, 852). The awards for past and future loss of earnings and loss of social security retirement income were excessive to the extent that they exceeded the income the plaintiff could reasonably have expected to earn, based on his 2013 W-2 form and the projections of his earnings by his economist (see Janda v Michael Rienzi Trust, 78 AD3d 899, 901).
"'Awards of damages for past and future medical expenses must be supported by competent evidence which establishes the need for, and the cost of, medical care'" (Quijano v American Tr. Ins. Co., 155 AD3d 981, 983, quoting Starkman v City of Long Beach, 148 AD3d 1070, 1072; see Tarpley v New York City Tr. Auth., 177 AD3d at 933). "Evidence submitted at trial that the plaintiff will incur medical expenses when and if future conditions develop that require treatment is speculative, and does not support an award of damages for future medical expenses" [*2](Pilgrim v Wilson Flat, Inc., 110 AD3d 973, 974; see Starkman v City of Long Beach, 148 AD3d at 1072). Here, the evidence submitted by the plaintiff at trial established that he would incur future medical expenses of $374,949 for medication. However, the award for future pain management, which included future medical expenses for epidural injections, is excessive to the extent indicated.
The defendants' remaining contention is without merit.
CHAMBERS, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court