Sharif v Pritam Prop., Inc. (2024 NY Slip Op 05362)

Sharif v Pritam Prop., Inc.

2024 NY Slip Op 05362

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2021-09103
2022-02868
 (Index No. 712395/19)

[*1]Rizwan Sharif, appellant, 
v
Pritam Property, Inc., defendant.

Silberstein, Awad & Miklos, P.C., Garden City, NY (Michael D. Schultz of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) a decision of the Supreme Court, Queens County (Pam B. Jackman Brown, J.), entered November 9, 2021, and (2) a judgment of the same court entered March 11, 2022. The judgment, insofar as appealed from, upon an order of the same court (Timothy J. Dufficy, J.) entered August 27, 2020, granting the plaintiff's motion for leave to enter a default judgment on the issue of liability against the defendant, and upon the decision, made after an inquest on the issue of damages, is in favor of the plaintiff and against the defendant in the principal sum of only $100,000.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is modified, on the law and the facts, by increasing the award of damages to the plaintiff from the principal sum of $100,000 to the principal sum of $400,000; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment
The plaintiff was injured on June 17, 2019, when he slipped and fell off a chain-link fence on property owned by the defendant. The plaintiff thereafter commenced this action against the defendant to recover damages for personal injuries, asserting causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6) and common-law negligence. After the Supreme Court granted the plaintiff's motion for leave to enter a default judgment on the issue of liability against the defendant in an order entered August 27, 2020, the plaintiff proceeded to an inquest on the issue of damages. After an inquest, the court awarded the plaintiff damages in the principal sum of $100,000.
On appeal, the plaintiff contends that the award of damages is inadequate since it deviates materially from what would be reasonable compensation for his injuries. A determination with respect to an award for pain and suffering will not be set aside unless the award deviates materially from what would be reasonable compensation (see CPLR 5501[c]; Quijano v American Tr. Ins. Co., 155 AD3d 981, 983; Kayes v Liberati, 104 AD3d 739, 741; Guallpa v Key Fat Corp., [*2]98 AD3d 650, 651). "The 'reasonableness' of compensation must be measured against relevant precedent of comparable cases" (Kayes v Liberati, 104 AD3d at 741; see Buckham v 322 Equity, LLC, 229 AD3d 669, 674; Halsey v New York City Tr. Auth., 114 AD3d 726, 727). "Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation" (Miller v Weisel, 15 AD3d 458, 459; see Vainer v DiSalvo, 107 AD3d 697, 698-699).
Based upon the proof submitted at the inquest, the award of damages deviated materially from what would be reasonable compensation to the extent indicated herein.
IANNACCI, J.P., MALTESE, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court