Dowdy v Brooklyn Hosp. Ctr.

2026 NY Slip Op 02630

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Lueray Dowdy, respondent,

v

Brooklyn Hospital Center, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2020-07332, 2021-00673, (Index No. 507103/16)

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Lourdes M. Ventura, JJ.

Furman, Kornfeld & Brennan LLP (Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY [Christopher Simone and Nicholas Tam], of counsel), for appellant.

David Resnick & Associates, P.C. (Monier Law Firm, PLLC, New York, NY [Philip Monier III], of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendant appeals from (1) a judgment of the Supreme Court, Kings County (Francois A. Rivera, J.), dated August 27, 2020, and (2) an order of the same court dated December 23, 2020. The judgment, upon a jury verdict on the issue of liability finding the defendant 60% at fault in the happening of the accident and the plaintiff 40% at fault, and upon a jury verdict on the issue of damages finding that the plaintiff sustained damages, inter alia, in the sums of $500,000 for past pain and suffering, $1,000,000 for future pain and suffering over a period of 25 years, and $1,100,000 for future medical expenses, is in favor of the plaintiff and against the defendant in the total sum of $1,953,631.80, and directed that David Resnick & Associates, P.C., the plaintiff's counsel, recover the sum of $660,947.08 from the defendant as an attorney fee. The order denied the defendant's motion to set aside the jury verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the jury verdict on the issues of liability and the apportionment of fault as contrary to the weight of the evidence and for a new trial on those issues or, in the alternative, to set aside the jury verdict on the issues of damages for past and future pain and suffering as excessive and contrary to the weight of the evidence and for a new trial on the issues of damages for past and future pain and suffering, to set aside the jury verdict on the issue of damages for future medical expenses as contrary to the weight of the evidence and for a new trial on the issue of damages for future medical expenses, and for a collateral source hearing.

ORDERED that the judgment is modified, on the law, by deleting the provision thereof directing that David Resnick & Associates, P.C., recover the sum of $660,947.08 from the defendant as an attorney fee; as so modified, the judgment is affirmed; and it is further,

ORDERED that the order is affirmed; and it is further,

ORDERED that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action to recover damages for personal injuries she alleged she sustained on December 9, 2015, when she slipped and fell on food that had spilled at the [*2]interior entrance of a cafeteria located on the defendant's premises. As a result of her fall, the plaintiff sustained, inter alia, injuries to her left hamstring tendon and a herniated disc at L4-L5 for which she underwent fusion surgery. Following a trial on the issue of liability, the jury found the defendant 60% at fault in the happening of the accident and the plaintiff 40% at fault. Following a trial on the issue of damages, the jury, among other things, found that the plaintiff sustained damages in the sums of $500,000 for past pain and suffering, $1,000,000 for future pain and suffering over a period of 25 years, and $1,100,000 for future medical expenses. The Supreme Court entered a judgment in favor of the plaintiff and against the defendant in the total sum of $1,953,631.80, and directed that the plaintiff's counsel recover the sum of $660,947.08 from the defendant as an attorney fee.

Thereafter, the defendant moved to set aside the jury verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the jury verdict on the issues of liability and the apportionment of fault as contrary to the weight of the evidence and for a new trial on those issues or, in the alternative, to set aside the jury verdict on the issues of damages for past and future pain and suffering as excessive and contrary to the weight of the evidence and for a new trial on the issues of damages for past and future pain and suffering, to set aside the jury verdict on the issue of damages for future medical expenses as contrary to the weight of the evidence and for a new trial on the issue of damages for future medical expenses, and for a collateral source hearing. In an order dated December 23, 2020, the Supreme Court denied the defendant's motion. The defendant appeals from the judgment and the order.

"A motion pursuant to CPLR 4401 or 4404 for judgment as a matter of law may be granted only 'where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party'" (Caliendo v Ellington, 104 AD3d 635, 636, quoting Szczerbiak v Pilat, 90 NY2d 553, 556). "In considering such a motion, 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Hamilton v Rouse, 46 AD3d 514, 516, quoting Szczerbiak v Pilat, 90 NY2d at 556).

"In order to establish liability in a slip and fall case, the plaintiff must demonstrate that the defendant either created the dangerous condition complained of, or had actual or constructive notice of it" (Knight v Certified Oils, 239 AD2d 391, 392; see Medina v Sears, Roebuck & Co., 41 AD3d 798, 799). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the] defendant's employees to discover and remedy it" (Bernard v Waldbaum, Inc., 232 AD2d 596, 597 [internal quotation marks omitted]; see Kantlis v 31-08 Cafe Concherto, Inc., 282 AD2d 713, 713). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Piotrowski v Texas Roadhouse, Inc., 192 AD3d 1147, 1148 [internal quotation marks omitted]; see Schiano v Mijul, Inc., 79 AD3d 726, 726).

Here, affording the plaintiff every inference which may properly be drawn from the facts presented, the jury could have rationally concluded that the plaintiff slipped on food that had spilled around the entrance of the cafeteria, and that this dangerous condition was visible and apparent and existed for a sufficient period of time to allow the defendant to discover and remedy it (see Morales v Davidson Apts., LLC, 193 AD3d 719, 721; Villaurel v City of New York, 59 AD3d 709, 711-712).

"A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Tafolla v Aldrich Mgt. Co., LLC, 220 AD3d 690, 691 [internal quotation marks omitted]; see Cruz-Rivera v National Grid Energy Mgt. LLC, 190 AD3d 687, 688). "Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the evidence" (Lalla v Connolly, 17 AD3d 322, 323; see Glynn v Altobelli, 181 AD3d 567, 569). "The apportionment of fault among the parties is generally an issue of fact for the jury, and the jury's apportionment of fault should not be set aside [*3]unless it could not have been reached based upon a fair interpretation of the evidence" (Plazas v Sherlock, 228 AD3d 788, 790 [internal quotation marks omitted]; see Hernandez v Pappco Holding Co., Ltd., 136 AD3d 981, 983). Here, the jury's finding that the defendant was negligent and as to the apportionment of 60% fault to the defendant and 40% fault to the plaintiff was based upon a fair interpretation of the evidence and, therefore, was not contrary to the weight of the evidence (see McGowan v State of New York, 79 AD3d 984, 987).

A jury's determination with respect to an award for past and future pain and suffering will not be set aside unless the award deviates materially from what would be reasonable compensation (see CPLR 5501[c]; Quijano v American Tr. Ins. Co., 155 AD3d 981, 983; Kayes v Liberati, 104 AD3d 739, 741). "The reasonableness of compensation must be measured against relevant precedent of comparable cases" (Tarpley v New York City Tr. Auth., 177 AD3d 929, 932 [internal quotation marks omitted]; see Kayes v Liberati, 104 AD3d at 741). "Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation" (Miller v Weisel, 15 AD3d 458, 459; see Garcia v CPS 1 Realty, LP, 164 AD3d 656, 658). Here, considering the nature and the extent of the injuries sustained by the plaintiff, the jury's award for past and future pain and suffering did not materially deviate from what would be reasonable compensation (see CPLR 5501[c]; Petit v Archer, 218 AD3d 695, 696; Kayes v Liberati, 104 AD3d at 741; Guallpa v Key Fat Corp., 98 AD3d 650, 651).

"'Awards of damages for . . . future medical expenses must be supported by competent evidence which establishes the need for, and the cost of, medical care'" (Quijano v American Tr. Ins. Co., 155 AD3d at 983, quoting Starkman v City of Long Beach, 148 AD3d 1070, 1072; see Tarpley v New York City Tr. Auth., 177 AD3d at 933). "Evidence submitted at trial that the plaintiff will incur medical expenses when and if future conditions develop that require treatment is speculative, and does not support an award of damages for future medical expenses" (Pilgrim v Wilson Flat, Inc., 110 AD3d 973, 974; see Starkman v City of Long Beach, 148 AD3d at 1072). Here, the jury's award for future medical expenses was supported by competent evidence, including the plaintiff's life-care plan, which established the need for, and the cost of, the plaintiff's future medical care.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of its motion which was for a collateral source hearing. "[F]or a defendant to be entitled to a collateral source hearing, the defendant must tender some competent evidence from available sources that the plaintiff's economic losses may in the past have been, or may in the future be, replaced, or the plaintiff indemnified, from collateral sources" (Firmes v Chase Manhattan Auto. Fin. Corp., 50 AD3d 18, 36; see Nunez v City of New York, 85 AD3d 885, 887). Here, the defendant did not submit any evidence that the plaintiff could mitigate future medical expenses by obtaining a health insurance plan under the Patient Protection and Affordable Care Act (cf. Liciaga v New York City Tr. Auth., 231 AD3d 250).

However, the Supreme Court improperly directed the plaintiff's counsel to recover an attorney fee directly from the defendant, as this provision of the judgment essentially awarded a money judgment to a nonparty (see Wright v Long Is. R.R. Co., 216 AD2d 460, 461).

GENOVESI, J.P., CHRISTOPHER, WAN and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court