Molina v Two Bros. Scrap Metal, Inc. (2020 NY Slip Op 07373)





Molina v Two Bros. Scrap Metal, Inc.


2020 NY Slip Op 07373


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-08596
 (Index No. 604691/16)

[*1]Valentin Garcia Molina, etc., et al., respondents,
v
Two Bros. Scrap Metal, Inc., et al., appellants. Scott Lockwood, Deer Park, NY, for appellants.


Leeds Brown Law, P.C., Carle Place, NY (Michael A. Thompkins of counsel), for respondents.



DECISION & ORDER
In a putative class action, inter alia, to recover damages for violations of Labor Law articles 6 and 19, the defendants appeal from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered May 17, 2018. The order, insofar as appealed from, denied the defendants' motion to dismiss the class action claims and to compel further depositions of the plaintiffs.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as denied that branch of the defendants' motion which was to compel further depositions of the plaintiffs is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was to compel further depositions of the plaintiffs with respect to questions concerning the plaintiffs' immigration and residency status, social security numbers, and personal information presented to the defendants to secure employment, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs, Valentin Garcia Molina and Roger M. Guerrero, commenced the instant action on their behalf and on behalf of a putative class to recover damages for violations of Labor Law articles 6 and 19 for unpaid overtime and other unpaid wages. The plaintiffs and the putative class members were employed by the defendants and allegedly were required to work more than 40 hours per week without overtime compensation. During depositions conducted during preclass certification discovery, the defendants' counsel attempted to question the plaintiffs about their immigration status, their eligibility to work in the United States, the identities of their current employers, and their payment of taxes, but the plaintiffs' attorney objected to those lines of questioning and would not permit the plaintiffs to answer those questions. The defendants then moved to compel further depositions of the plaintiffs regarding these matters. The defendants also moved to dismiss the class action claims on the ground that the plaintiffs could not serve as class representatives. The Supreme Court denied the defendants' motion in its entirety. The defendants appeal.
The determination of whether a plaintiff's claims for overtime wage compensation are barred by the federal Immigration Reform and Control Act is dependent upon the existence of evidence that the plaintiff's employer was induced to hire the plaintiff based on the submission of false documentation (see Balbuena v IDR Realty LLC, 6 NY3d 338, 362; Janda v Michael Rienzi Trust, 78 AD3d 899, 901; Coque v Wildflower Estates Devs., Inc., 58 AD3d 44, 46). Therefore, here, information concerning the plaintiffs' immigration and residency status, social security numbers, and personal information presented to the defendants to secure employment is relevant and discoverable (see CPLR 3101). Accordingly, the Supreme Court should not have denied that branch of the defendants' motion which was to compel further depositions of the plaintiffs concerning their immigration status and the documentation, if any, they tendered to secure employment. However, contrary to the defendants' contention, information concerning whether Guerrero paid taxes, whether Guerrero gave identification to the police when he was detained, and the identities of the plaintiffs' current employers, is not relevant or discoverable (see CPLR 3101; Rosas v Alice's Tea Cup, LLC, 127 F Supp 3d 4, 11 [SD NY]).
The defendants' remaining contentions are without merit.
RIVERA, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court